26  278
48  138

ALEXANDER WILSON *vs.* NORTHERN PACIFIC RAILROAD
COMPANY.

November 26, 1879.

**Carrier of Passengers—Proof of Negligence.**—In an action for an injury to a
passenger, against a common carrier of passengers, proof that the injury
occurred from the breaking, giving way, or improper working of the
vehicle, or any of the machinery or appliances employed in carrying
the passenger, makes a *prima-facie* case of negligence on the part of
the carrier.

**Same—Contributory Negligence is matter of Defence.**—In such an action con-
tributory negligence of plaintiff is matter of defence. Plaintiff need
not prove there was none, in making out his case.

**Same—Attempt by Passenger to Escape Danger.** — Where a passenger is
placed, by the negligence of the carrier, in a situation of great peril, his
attempt to escape the danger, even by doing an act also dangerous, and
from which injury results, is not contributory negligence, such as will
prevent him recovering for the injury sustained, if the attempt was one
which a person acting with ordinary prudence might, under the same
circumstances, make. This is to be determined from the circumstances
as they appear to the passenger at the time. That his attempt to escape
resulted in injury to him, and that, if he had not made the attempt, he
would not have been injured, may be considered by the jury in deter-
mining whether the attempt was one which a person acting with ordinary
prudence would make; but these facts do not necessarily prove the act
an imprudent one.

**Striking out Evidence received without Objection.**—The rule stated in *State* v.
*Johnson*, 23 Minn. 569, that the striking out of improper evidence
admitted without objection, the party having an opportunity to object
when it is offered, is in the discretion of the trial court, adhered to.

Appeal by defendant from an order of the district court
for Ramsey county, *Wilkin*, J., presiding, refusing a new trial.
The facts of the case are stated in the opinion.

At the trial the plaintiff, testifying in his own behalf, stated
that he was a married man, with five children, all girls. The
defendant objected to this evidence and moved that it be
stricken out as immaterial, and excepted to the overruling of
the objection.

The plaintiff offered in evidence two telegrams from defendant's superintendent to its general manager, the first before and the second after he had visited the scene of the accident, stating among other things the amount of injury to the train and the track, and that a "switch-pin worked out, and allowed flange of wheel to mount end of rail." The evidence was admitted against defendant's objection that it was incompetent and immaterial, and the defendant excepted.

At the close of plaintiff's case the defendant moved for a verdict for defendant "on the ground (1) that there is no evidence of negligence on the part of the defendant; and (2) on the ground that there is no evidence that the injury sustained by the plaintiff was the result of that negligence, if any existed." The motion was denied, and the defendant excepted.

The defendant offered in evidence another telegram from its superintendent to its general manager, sent after the second of those offered by plaintiff, but on the same day, and in which he states the directions he had given for examination of all switches, and furnishing them with new locks, etc., before the accident, and also particulars of the extent of the accident and its cause. The evidence was excluded on plaintiff's objection that it was incompetent and immaterial, being a declaration of defendant in its own favor, and the defendant excepted.

At the request of the plaintiff the court instructed the jury on the subject of damages as follows: "If you conclude that the plaintiff is entitled to recover, you should award him by your verdict such an amount as will, in your judgment, compensate him for his injuries and suffering. You may take into account the permanence of his disability, his loss of time, his pain of body and mind;" to which instruction the defendant excepted. The other exceptions taken are stated in the opinion.

*John B. & W. H. Sanborn,* for appellant.
*Davis, O'Brien & Wilson,* for respondent.

GILFILLAN, C. J.　The plaintiff was injured while travelling as a passenger on a train run by defendant from Fargo to Casselton.　The accident occurred in the night, as the train was passing a switch, going at the rate of about twenty miles an hour.　At this place the rear car, a sleeping car, was thrown from the track, and, after being dragged some distance, was overturned and separated from the train.　The plaintiff was sitting in the rear seat of the car next in front of the sleeping car, and was either thrown out upon the platform, and from the platform to the ground, and so injured, by the violent jerking and swaying motion imparted to the car he was in, as he himself testifies; or he jumped from the car, and was thereby injured, as testified by the conductor, a witness sworn for defendant.　In the case of a common carrier of passengers for hire, the law requires the utmost human care and foresight, and holds the carrier responsible for the slightest negligence; and proof of any injury to a passenger from the breaking and giving way, or improper working, of the vehicle, or any of the machinery or appliances employed in carrying the passenger, makes a *prima-facie* case of negligence on the part of the carrier.　In such case the law raises the presumption of negligence, and imposes upon the carrier, if he would relieve himself from liability, the burden of proving that the injury was not caused by any want of care and foresight on his part.　Cooley on Torts, 552; *Stokes* v. *Saltonstall*, 13 Peters, 181; *McLean* v. *Burbank*, 11 Minn. 189 (277,) and cases cited; *McMahon* v. *Davidson*, 12 Minn. 357; *Fay* v. *Davidson*, 13 Minn. 523.

We have examined the evidence carefully, and do not find any that tends in any way to show that the accident was caused by anything than the want of care on the part of defendant.　In the absence of such exonerating evidence, proof that the injury was caused by the sleeper running off the track entitled plaintiff to recover, unless there was negligence on his part contributing to bring about the injury. The evidence given by plaintiff, tending to prove that the

sleeper was thrown off by a misplaced switch, did not add to his case. His right to recover would have been the same had that evidence been wholly omitted. So the telegrams introduced by him, whether competent or not, could not have affected the result. It has been repeatedly held by this court that a new trial will not be ordered on account of the admission of improper evidence, when we can see that it could not have affected the result. It is, therefore, unnecessary to determine the competency of those telegrams as evidence.

That the negligence of a plaintiff, seeking to recover for such an injury, contributed to the injury, is matter of defence. It is for the defendant to prove such contributory negligence. The plaintiff is not required, when making out his case, to give evidence upon that point. If, in proving his case, he does show such negligence, that is ground for dismissing his action, or for directing a verdict for defendant. When, upon the plaintiff resting his case, the defendant asked the court to direct a verdict for the defendant, the request seems to have been made on the ground of want of negligence in defendant, and not of contributory negligence on the part of plaintiff. But if it had been made on the latter ground, the court could not have granted it, without determining that plaintiff's account of how he came out of the car was false; for if he was thrown out by the motion of the car, as he testified, there was nothing done on his part which could be charged as want of ordinary care. Now, although his account might be open to criticism as to its probability, it certainly was not impossible that it should be true. If it was to be discredited on the ground that it was improbable, it was for the jury to do that and not for the court. The request was properly refused.

The evidence as to plaintiff's family seems not to have been objected to, although defendant had an opportunity to make the objection, until after it was admitted, when the defendant asked the court to strike it out as immaterial. The rule in such case is that the trial court may strike out

the improper evidence or retain it in its discretion. *State* v. *Johnson*, 23 Minn. 569. The evidence was so little likely to seriously influence the verdict that it cannot be said there was an abuse of discretion in retaining it.

There is no principle upon which the telegrams offered by defendant were admissible. They were the declarations of its agents, in no way connected with those introduced by plaintiff.

The questions of law arising on the issue of contributory negligence on the part of plaintiff are presented upon the exceptions to the instructions of the court to the jury, and its refusal to instruct as requested by defendant. These instructions and refusals were pertinent only because of evidence introduced by defendant, that, when the accident happened, plaintiff rushed out and jumped from the platform of the car. In reference to this, the court, upon plaintiff's request, instructed that "where one is placed, by the negligent acts of another, in such a position that he is compelled to choose, upon the instant and in the face of apparent great. and impending peril, between two hazards, and he makes such a choice as a person of ordinary prudence, placed in the same situation, might make, and injury results therefrom, the fact that if he had chosen the other hazard he would have escaped injury does not prove contributory negligence."

The objection made to this instruction is that it in effect lays down the rule, that if it were possible that a man of ordinary prudence, in the same circumstances, would jump off the car, as defendant claimed was done by plaintiff, then it was not negligence on his part to do so. If that is the proper understanding of the court's meaning, it was error, because it was certainly possible for a man of ordinary prudence, in plaintiff's situation, to do a very imprudent act. But we do not think the court used the word "might," or was so understood by the jury, in the sense of mere possibility, but that the word was used, as it frequently is, to express likelihood or probability. This is evident from the court's

general charge, covering the same point, as follows: "Persons in the situation of plaintiff are not required to exercise the utmost care; they are not required to have the utmost coolness and presence of mind; they are only required to exercise such care in their conduct as would be exercised by persons of ordinary prudence, placed in the same circumstances, and under a like necessity of immediate action and decision;" and also from an instruction, at the request of the defendant, that if the jury believed "from the evidence in this case that a man of reasonable care and prudence would not have jumped from this car, under the circumstances detailed in the evidence, and that the injuries of which plaintiff complains would not have resulted, had not the plaintiff, by his own act, jumped or thrown himself from the car," then they must return a verdict for the defendant. It is hardly possible to suppose that the jury understood the court, in giving the instruction requested by plaintiff, as intending to state a rule differing from that which it had, of its own motion, in so clear, definite and concise terms, laid down upon the same matter, and had repeated at the request of the defendant.

The fourth request of defendant asked the court to lay down the rule that there was no excuse for plaintiff jumping from the car, unless the motion of the car clearly indicated to persons of ordinary prudence and understanding that the car was then off the track. This requested instruction was wrong. One reason of several why it was incorrect was that it asked the court, instead of the jury, to determine what circumstances would lead a person of ordinary prudence to do as it was claimed plaintiff did.

Defendant's eighth and eleventh requests made, in effect, the proposition that if plaintiff could, with reasonable endeavors, have remained in his seat, and if, had he so remained, he would not have been injured, then he cannot recover. This would make the propriety of a passenger jumping from the car depend on the result alone; not upon his exercising ordi-

nary prudence in choosing which of two perils to abide, but upon his foreseeing the event of either peril. The requests were incorrect.

The meaning of defendant's third request is somewhat ambiguous, and the court might have refused to give the instruction for that reason. As we understand it, however, and as the jury might have understood it, had it been given, it would put upon a passenger the duty of determining correctly the actual existence and extent of the danger. The modification which the court made does not leave the instruction as clear as might be wished, but made it, in effect, an instruction that to excuse jumping from a car going at great speed, there must be such circumstances or conditions of peril as would induce such fear and tremor, in persons of ordinary prudence and firmness, as to lead them to such action. This does not differ from the rule laid down in the general charge.

It is well settled, with reference to the liability of common carriers of passengers, that if, through the negligence of the carrier, a passenger is placed in a situation of great peril, the attempt of the passenger to escape the danger, even by doing an act also dangerous, and from which injury results, is not necessarily an act of contributory negligence, such as will prevent him recovering for the injury sustained. If it were, passengers would be required to suppress the instinct of self-preservation, and sit passive, to receive whatever might befall them, instead of acting as nature impels every man to act.

The test of contributory negligence, where the passenger is injured in endeavoring to escape the peril in which the negligence of the carrier has placed him, is, was the attempt an unreasonable, precipitate or rash act, or was it an act which a person of ordinary prudence might do? This is not determined by the result of the attempt to escape, nor by the result that would have followed had the attempt not been made. To permit that to determine it would be, in effect, to

require of the passenger to judge with absolute certainty the extent to which the danger would go if he made no move, and with like certainty the consequences of the attempt to escape.

In the case at bar, no degree of prudence, and it is doubtful if any degree of skill and experience in operating railroads, would enable one to determine with certainty that he would not be injured if he remained in the car, nor that he would be injured if he left it. The passenger in such a case must of necessity judge of the danger in remaining where he is, as also of the danger in attempting to escape, by the circumstances as they then appear to him, and not by the result. He acts upon the probabilities as they then appear to him, and if he acts as a man of ordinary prudence would in such case act, he will choose the hazard that from these circumstances appears to him to be the least. If plaintiff did so act, (supposing him to have jumped from the car, as claimed by defendant,) then the attempt to escape was not contributory negligence. *Stokes* v. *Saltonstall,* 13 Pet. 181; *Buel* v. *New York Central R. Co.,* 31 N. Y. 314; *Twomley* v. *Central Park, etc., R. Co.,* 61 N. Y. 158. That he was injured in his attempt to escape, and that those who remained in the car were unhurt, might, of course, be considered by the jury in determining this question.

The rule of damages laid down by the court was correct. There is nothing in the evidence on which to base defendant's tenth request.

Order affirmed.