ELDRIDGE E. HENDERSON *vs.* ESTELLE DIMOND.
DREW H. HENDERSON *vs.* ESTELLE DIMOND.

JUNE 18, 1920.

PRESENT: Sweetland, C. J., Vincent, Stearns, and Rathbun.

*(1) Negligence. Automobiles. Proximate Cause.*

Where the jury found that plaintiff was forced off the travelled way by the
reckless conduct of the driver of defendant's automobile, into a ditch, along
which he travelled until his car struck a pole, it was a question for the jury
whether plaintiff who testified he became frightened and nervous by the
occurrence did during the second or two before his car struck the pole
exercise the judgment and prudence that reasonably should be required of
him when he unexpectedly found himself in this emergency.

*(2) Negligence. Automobiles. Requests to Charge.*

In a personal injury case caused by plaintiff being forced off the road into a
ditch by the reckless conduct of the driver of defendant's automobile,
requests to charge by defendant were properly refused, which if given,
might have led the jury to believe that plaintiff, frightened by the emer-

gency in which he was placed, if they so found to be the case, was required to exercise the same good judgment, prudence and forethought that would be demanded of him in running his car on the highway in ordinary circumstances.

(3)  *Negligence.   Automobiles.   Bills of Particulars.   Damages.*

In an action to recover for damages to automobile through negligence of defendant motion to strike out of bill of particulars an item for amount paid by plaintiff for the board of himself and wife while waiting for the repairs to be made on the car was properly refused.

(4)  *Expert Evidence.   Hypothetical Questions.*

A hypothetical question to an expert witness who had read the stenographic notes of the testimony of another witness, based in part upon an assumption of the facts contained in such notes and not specifically set out in the question, was properly admitted in the exercise of the discretion of the trial court where the facts stated in the notes were simple and the evidence was not contradicted, but the better practice in cases calling for the opinion of a skilled witness who does not testify from his own observation, would be to require counsel to set forth specifically the facts assumed to be true and then to ask the witness for his opinion upon such assumed facts.

TRESPASS ON THE CASE for negligence.   Heard on exceptions of defendant and overruled.

SWEETLAND, C. J.   The above entitled causes are actions of trespass on the case to recover damages for injuries alleged to have been caused by the negligence of the defendant's servant.

The cases were tried together before a justice of the Superior Court sitting with a jury and resulted in a verdict for the plaintiff in each case.   In each case the defendant duly filed her motion for a new trial which was denied by said justice.   Each case is before us upon the defendant's bill of exceptions.

We will first consider the defendant's exception to the decision of said justice denying her motion for a new trial in each case.   Drew H. Henderson is the wife of Eldridge E. Henderson.   Hereafter in this opinion, unless otherwise indicated, when the word "plaintiff" is used it refers to Mr. Henderson.   It appears from the transcript of evidence that on June 30, 1917, the plaintiff accompanied by his wife was driving his automobile towards the north over the Tower

Hill Road, so-called, in the town of South Kingstown. The plaintiff claims that as he was nearing a curve in the road he saw a Ford car just ahead of him rounding said curve and approaching him from the opposite direction; that he was proceeding in a prudent manner on the easterly, or his right hand, side of the travelled way; that at said curve the travelled way consisted of a macadam surface thirteen and one-half or fourteen feet wide, that on the easterly side of the macadam was a narrow dirt shoulder and to the east of said shoulder a ditch about a foot and a half deep; that suddenly, without warning, at a very high rate of speed, the automobile of the defendant in which she was riding and which was driven by her chauffeur, came out from behind said Ford car and appeared directly in front of the plaintiff; that to avoid a collision with the defendant's car, the plaintiff was obliged to turn quickly to his right, off the macadam surface, across said dirt shoulder and onto the rough ground beyond; and that the right-hand wheels of his car went into said ditch. The plaintiff further claimed that he was disconcerted by the aforesaid circumstances; but that he tried to extricate himself from the ditch and fearing that his machine would overturn if suddenly stopped he did not shut off his power but proceeded ahead as he testified "in an effort to climb out of the ditch"; and that in a second or so after he left the macadam the right-hand fender and projecting top of his automobile struck a pole at the side because his car had "skidded" on the wet grass and mud in the ditch. As a result of the collision both of the plaintiffs claim that they were injured and said automobile was damaged. The defendant contended that the evidence did not warrant a finding that Mr. Henderson was forced to leave the travelled way by reason of the negligence of herself or her servant, and further that, whatever may have been the cause of the plaintiff's leaving the macadam, the proximate cause of the collision of Mr. Henderson's automobile with said pole was the negligence of Mr. Henderson in not stopping his machine before it reached said pole. As to

the first of these contentions the evidence fully warranted a finding that the plaintiff was forced to leave the road because of the reckless conduct of the driver of the defendant's automobile. If the jury did so find then it clearly became a question for them whether Mr. Henderson, who testified that he became frightened and nervous by the occurrence, did during the second or two before his machine struck said pole exercise the judgment and prudence that reasonably should be required of him when he unexpectedly found himself in this emergency. The jury's finding of liability on the part of the defendant has been approved by the justice presiding and we find no sufficient reason for setting aside his decision in that regard.

The defendant's exception to the refusal of said justice to direct a verdict in her favor should also be overruled.

(2) The defendant excepted to the refusal of said justice to grant her second, third and sixth requests to charge. Each of these requests, differing slightly from the others in form, are based upon the defendant's contention that the plaintiff cannot recover if the jury find that his automobile struck said pole after he had had an opportunity to stop and thus avoid the collision. These requests proceed upon the theory that the only course for a reasonable man to pursue in the predicament in which Mr. Henderson unexpectedly found himself was to stop his automobile. The jury might have found from the testimony that Mr. Henderson not unreasonably feared that his machine might overturn if he stopped and that he kept going, trying as best he could in the circumstances to get out of the ditch and to avoid striking the pole when he saw it. A greater fault in these requests, however, is that they ignore the possible finding of the jury that Mr. Henderson as the direct result of the negligent act of the defendant's servant was, as he testified, frightened and made nervous by the situation in which he was placed. The jury if instructed in accordance with these requests might be led to believe that in this emergency Mr. Henderson was required to exercise the same good judgment,

prudence and forethought that would be demanded of him in operating his automobile on the highway in ordinary circumstances. These exceptions should be overruled.

The defendant excepted to that portion of the judge's charge in which he instructed the jury that the contributory negligence of the plaintiff Eldridge E. Henderson, if any, would not bar the plaintiff Drew H. Henderson from recovery. The defendant urges that although the plaintiff was forced off the highway by reason of the negligent operation of the defendant's car, if the effect of said cause had passed away, and the operating efficient cause of the accident was the negligent act of the plaintiff in driving his automobile against said pole such negligent act of Mr. Henderson was the proximate cause of the accident and of the injury to both Mr. and Mrs. Henderson; and that the defendant should not be held legally responsible for the injury to either of the plaintiffs; and argues further that any rule of law to the effect that the contributory negligence of a driver cannot be imputed to a passenger is without application. The jury however by their verdict in the case of Mr. Henderson have found that he was not guilty of contributory negligence and that the negligence of the defendant's servant and not the act of Mr. Henderson was the efficient cause of the accident. Hence the argument of the defendant in support of this exception is without pertinence.

The defendant excepts to the refusal of said justice to charge the jury that it was Mr. Henderson's duty to stop his automobile if he could safely do so in the circumstances after his automobile left the travelled portion of the highway. This request disregards the possible finding of the jury that Mr. Henderson was acting in an emergency and that that circumstance should be taken into account in passing upon the reasonableness of his conduct. It also asks the judge to tell the jury as a matter of law that the only course open to Mr. Henderson if he was forced off the travelled portion of the highway was to stop if he could

safely do so.    It was the undoubted right of Mr. Henderson to proceed and to endeavor to get back upon the travelled portion of the highway, using reasonable care in so doing. The justice in his general charge fully and correctly instructed the jury as to the plaintiff's duty in the premises and directed them to determine whether as a reasonably prudent man it was Mr. Henderson's duty to have stopped or to have continued on for his own safety; whether under all the circumstances he did use due care.    This exception should be overruled.

The defendant excepted to the refusal of said justice to instruct the jury that it was the duty of the plaintiff to operate his automobile at a reasonable rate of speed when approaching and attempting to pass the curve in question; and further if the jury should find that the plaintiff approached and attempted to pass the cruve at an unreasonably high rate of speed and that by reason of such unreasonable rate of speed he struck the pole, the plaintiffs cannot recover.    These requests were properly refused.    There was no evidence from which the jury would be justified in finding that Mr. Henderson approached or attempted to pass said curve at an unreasonable rate of speed or that by reason of such speed he struck the pole.    Such instructions, if given, would have tended to confuse and mislead the jury. *Di Sandro* v. *Providence Gas Co.*, 40 R. I. 551.

(3) .   The plaintiff Eldridge E. Henderson filed a bill of particulars of his claim for damages, one item of which was as follows:   "Board for Mrs. Henderson and self due to delay for repairs six days 60.00."    According to the testimony, at the time of the accident Mr. and Mrs. Henderson were on their way from their home in Brooklyn, N. Y., to Boston and beyond and they were obliged to delay their journey and to wait six days in Boston in order that the injury to the automobile caused by the accident might be repaired. At the close of the testimony the defendant moved that the above item of sixty dollars be stricken from the bill of particulars, and that the jury be directed to disregard said

item.   This motion was denied.   The defendant excepted
and has insisted upon the exception before us.   There was
no warrant for the request that the item be stricken from
the bill of particulars.   The plaintiff's evidence regarding
said item is not entirely satisfactory to us but we do not
find error in the refusal of said justice to direct the jury to
entirely disregard said item in support of which some evi-
dence had been presented to them.

The plaintiff's automobile was known as a "Kissel" car.
After the accident in question it was taken to the auto-
mobile repair shop of Charles A. Woods in the village of
Wakefield.   Mr. Woods was called as a witness by the
plaintiff and testified as to the condition of the car when
brought to his shop and gave a list of the items of damages
to said car and the repairs necessary to be made thereto.
His testimony was very brief.   No attempt was made by
the defendant to offer evidence to contradict him.   In cross
examination the defendant asked this witness but five
questions none of which indicated any desire to discredit
the witness.   Later the plaintiff called as a witness one
William B. Tate, who had been a branch manager for the
Kissel cars in New England and who testified that he was
familiar with the value of new and used automobiles of that
type.   By this witness the plaintiff sought to prove the
amount of depreciation in the value of the plaintiff's auto-
mobile due to the accident.   In the course of the examina-
tion of the witness Tate it appeared that he had read the
full notes of the testimony of the witness Woods prepared
by the court stenographer.   The correctness of these notes
was not questioned by the defendant's counsel.   The plain-
tiff's counsel then propounded a hypothetical question to the
witness Tate which assumed the truth of practically all if
not all of the items of damage to the automobile which had
been testified to by Mr. Woods, and sought the opinion of
the witness as to the value of the car after the accident.
The defendant objected to this question and plaintiff's
counsel then asked the witness the following question which

said justice allowed over the objection of the defendant:
"And with that testimony in mind (notes of Mr. Wood's
testimony) and on the basis of the question just asked of
you can you give an opinion, a fair opinion of the market
value of that car after such an accident?"   The defendant
relies upon this exception because the question is based in
part upon an assumption of facts contained in the notes of
Mr. Woods' testimony and not specifically set out in the
hypothetical question.   Questions in this or similar form
asking for opinion testimony have been approved by courts
of undoubted authority.   We think however that their use
should not be encouraged.   Courts have generally excluded
questions asking for an opinion based "upon all the testi-
mony in the case" on the ground that the jurors are unable
to determine upon what facts in evidence the witness has
based his opinion and that they are left in uncertainty as to
whether the witness has given credence to the same fact
which they believed to be established as true;   hence the
testimony of an expert in answer to such a question furnishes
no assistance to the jury.   A question assuming the truth
of the testimony of a single witness, particularly when the
facts stated by such witness are simple and his evidence is
not contradicted, has been permitted in many cases and
such a ruling of the trial court has been upheld on the
ground that the propriety of questions in that form may
well be left to the discretion of the justice presiding at the
trial.   Wigmore on Evidence, § 681 (e);   *Hunt* v. *Lowell*,
8 Allen 169;   *Twombly* v. *Leach*, 11 Cush. 397;   *Roraback*
v. *Pennsylvania*, 58 Conn. 292.   In *Stoddard* v. *Winchester*,
157 Mass. 567 at 575, the court said:   "An expert witness
cannot be asked to give an opinion founded on his under-
standing of the evidence, against the objection of the other
party, except in cases where the evidence is capable of but
one interpretation."   The defendant was not prejudiced by
the form of the question which we are now considering, and
we think that the ruling admitting it was not an improper
exercise of the discretion of said justice.   We are of the

opinion however that it would conduce to regularity of practice and to the greater assistance of juries if in all questions calling for the opinion of a skilled witness, who does not testify from his own observation, counsel were required to set forth specifically the facts assumed to be true and then to ask the witness for his opinion upon such assumed facts.

All of the defendant's exceptions in each case are overruled and each case is remitted to the Superior Court for the entry of judgment upon the verdict.

*Edward C. Stiness, Daniel H. Morrissey, Christopher J. Brennan,* for plaintiff.

*Alexander L. Churchill, Philip C. Joslin,* for defendant.