## URSULA AND KENNETH SMITH v. ERNEST T. CARLSON.[1]

January 24, 1941.

Nos. 32,514, 32,515.

[1]Reported in 296 N. W. 132.

*H. A. Irwin,* for appellants.

*George A. McKenzie* and *Everett L. Young,* for respondent.

PETERSON, JUSTICE.

The appeal involves two actions which were tried together. The plaintiffs in the respective actions are husband and wife. The wife was driving the husband's automobile. She was injured by the turning over of the automobile in avoiding a collision with defendant's team and wagon driven by his servant. The wife sued to recover for personal injuries and the husband for resulting damage and injury to his automobile.

The accident happened on the evening of October 4, 1939. At the time the wife was on her way home from Belle Plaine. Two small children were in the car with her. The road extends in a northwesterly direction across the Minnesota River and winds up the far bank to the highlands beyond. It has a black-top or tarvia surface 26 feet wide with a three-foot shoulder on each side.

The wife testified that it was dark and misty at the time and that it had rained earlier. She had her headlights on.

Defendant by his servant was driving his team and wagon up the curved road to the highlands. The wagon had a body or box on it, which was painted green and which blended with the darkness of the road and the surroundings. The wagon was not equipped with a light or a reflector.

The wife was driving along the road at a speed which she said was about 25 miles per hour, but which defendant's servant testified was about 50 miles per hour. Both drivers were on the right side of the road going in the same direction. She testified that as she was going up the curved road from the river to the highlands she was about 10 or 15 feet behind defendant's wagon before she saw it, that it loomed up before her suddenly, and that she turned sharply to her left to avoid a collision which then seemed imminent. She was successful in avoiding a collision, but the car

skidded and she lost control of it. It traveled forward about 190 feet, skidding and out of control, and then went off the right side of the road and turned over.

The charge of negligence is based on the failure to have a light or reflector on the wagon. 3 Mason Minn. St. 1940 Supp. § 2720-234, provides that at any time from a half hour after sunset to a half hour before sunrise "and at [any] other time when there is not sufficient light to render clearly discernible persons and vehicles on the highway at a distance of 500 feet ahead" every vehicle on a public highway shall display lighted lamps and illuminating devices. *Id.* § 2720-241, provides that every vehicle, including those which are animal-drawn, shall at all times when lights are required by the statute be equipped with one or more lighted lamps or lanterns projecting a white light or in lieu thereof a specified reflector, visible for a distance of at least 500 feet from the front and rear.

Plaintiffs contended that the defendant's wagon was not equipped with a light or reflector as required by statute for the reasons, as they claimed, that the accident occurred more than one-half hour after sunset and that the team and wagon were not visible under the circumstances for a distance of 500 feet. Defendant contended that it was not necessary to have a light or reflector on the wagon for the reasons, as he claimed, that the accident occurred less than one-half hour after sunset and it was still light so that the team and wagon were clearly visible. Defendant's servant testified that it was "getting a little dusk" and that he could see only about 300 feet either way at the time.

There was considerable testimony as to the time when the accident occurred. There was a stipulation that the sun had set at either 5:51 or 5:52 p. m. on the day of the accident. The wife testified that the accident occurred at about 6:15 or 6:20 p. m. Defendant's servant testified that it occurred at 5:50 p. m.

The court below granted defendant's motion for a directed verdict in his favor upon the grounds that the failure to equip the wagon with a light or reflector was not the proximate cause of the

accident, and that the accident was caused by the wife's contributory negligence. It is urged by the defendant that the ruling was correct for the reasons that plaintiffs failed to show negligence; that the failure to provide a light or reflector was not the proximate cause of the accident for the reason that there was no collision or physical contact between the wagon and the automobile; and that the wife's contributory negligence appears as a matter of law.

■ A horse-drawn vehicle is required by § 2720-241 to be equipped with a light or reflector visible at a distance of 500 feet from the front and rear at all times when lights on vehicles are required by the act. Section 2720-234 requires lights on vehicles at any time from one-half hour after sunset to one-half hour before sunrise and at any other time when there is not sufficient light to render clearly discernible persons and vehicles at a distance 500 feet ahead.

The defendant contends that there was no duty on his part to display a light or reflector at the time of the accident for the reason that according to the wife's testimony the accident occurred before one-half hour after sunset. If the wife's testimony were taken literally this would be true. The precise time of the accident aside, it was a fact question whether or not defendant was required by §§ 2720-234 and 2720-241 to display a light or reflector by reason of not sufficient light to render the team and wagon clearly discernible at a distance of 500 feet. The evidence of the wife and the defendant's servant was that visibility was bad. As we have stated, she testified that she did not see the wagon until she was about 10 or 15 feet from it. He testified that he could see only 300 feet either way, 200 feet less than the statute required to dispense with the light or reflector under the circumstances. The evidence made the question of defendant's violation of the statute a fact question.

In civil actions a violation of the statute of which §§ 2720-234 and 2720-241 are a part is declared to be *prima facie* evidence of negligence by § 2720-291. The purpose of the statute in requiring

lights on motor- and horse-drawn vehicles is to render them visible to other travelers on the public highway at night in order that the public may use the highways in safety. A violation of a statute requiring lights was held to be negligence where an automobile was driven without taillights in Brown v. Raymond Bros. Motor Transp. Inc. 186 Minn. 321, 243 N. W. 112, and where parked on a highway without lighted taillights in Johnson v. Kutches, 205 Minn. 383, 285 N. W. 881.

The question of negligence was one of fact for the jury.

■ The negligence in failing to display a light or reflector could have been found to be the proximate cause of the accident, although there was no collision or physical contact between the automobile and the wagon.

Negligence is the proximate cause of an injury where the negligence is a material element or substantial factor in producing or the happening of the injury. Anderson v. Johnson, 208 Minn. 373, 294 N. W. 224. An act done in normal response to the stimulus of the situation created by the actor's negligence is a substantial factor in bringing about the injury and not an independent intervening cause. Restatement, Torts, § 443, comment *a*. In Wilson v. N. P. R. Co. 26 Minn. 278, 284, 3 N. W. 333, 337, 37 Am. R. 410, we applied the rule in holding a railroad liable to a passenger for injuries sustained while jumping from a train to extricate himself from imminent peril. The injury there was caused not by any force applied by defendant to the plaintiff, but solely by the latter's act in the emergency of jumping to avoid injury. In respect to the defense of contributory negligence, we held that the question was whether or not the circumstances were such as to "induce" such fear and apprehension in persons of ordinary prudence and firmness as "to lead" them to such action. We said that if plaintiff should have been held guilty of contributory negligence under the circumstances "passengers would be required to suppress the instinct of self-preservation, and sit passive, to receive whatever might befall them, instead of acting as nature *impels* every man to act." (Italics supplied.)

We have held in other cases that a wrongful act may be the proximate cause of an injury where there is no physical contact or impact, such as fright produced by negligence; Purcell v. St. Paul City Ry. Co. 48 Minn. 134, 50 N. W. 1034, 16 L. R. A. 203.

The principle is illustrated by the classic cases of the throwing of the squib and the pursuit of the frightened negro boy. In both cases injury was caused to a third person by conduct in normal response to the wrongful act of the defendant. In the squib case, Scott v. Shepherd, 2 Wm. Bl. 892, the act of throwing a lighted squib into a market place was held to be the proximate cause of throwing the squib into plaintiff's face by the last of several successive throwers, where each threw the squib in an effort to prevent threatened harm to himself from the squib. The original thrower did not direct the squib at plaintiff and had no direct contact with him, but was held liable for an injury resulting from the conduct of others which was induced and brought about in normal response to the instinct of self-preservation stimulated by defendant's unlawful act of throwing the squib in the first place. In Vandenburgh v. Truax, 4 Denio (N. Y.) 464, 47 Am. D. 268, defendant's act in chasing a frightened negro boy while the former was armed with a dangerous weapon was held to be the proximate cause of the loss of plaintiff's wine from a cask caused by the boy's knocking the faucet out of the cask in an effort to escape from defendant by running and hiding behind plaintiff's counter. There the harm was caused by stimulating the boy to the normal response of trying to protect himself from imminent harm, but not by the direct act of the defendant.

It makes no difference that the person confronted with an emergency by the defendant's wrongful act causes injury to himself, as we held in Wilson v. N. P. R. Co. 26 Minn. 278, 3 N. W. 333, 37 Am. R. 410, rather than to a third party. Where the driver of an automobile is placed in an emergency by the negligence of another driver, such negligence is the proximate cause of all injuries sustained by the former as a result of any act on his part which is done in normal response to the danger in an

effort to extricate himself therefrom, although there is no collision or other physical impact. Kardasinski v. Koford, 88 N. H. 444, 190 A. 702, 111 A. L. R. 1017 (swerving of car to left to avoid defendant's car, loss of control, going off road, and car overturning) ; Henderson v. Dimond, 43 R. I. 60, 110 A. 388 (turning sharply to right to avoid defendant, who was approaching on wrong side of street, going into ditch, and hitting a pole in trying to get back on road) ; White v. Herler, 114 Conn. 734, 159 A. 654 (turning sharply to left to avoid a head-on collision with defendant and having a collision with the automobile of a third party).

In Van Gilder v. Gugel, 220 Wis. 612, 265 N. W. 706, 105 A. L. R. 824, where it appeared that one of the defendants negligently drove his team with a wagon on the highway after dark without a light or reflector in violation of statute, in consequence of which the driver of an automobile approaching from the rear did not see the wagon until he was close to it and turned abruptly to the left to avoid a collision, as a result of which his car went over on some gravel on the left shoulder, where it overturned, causing fatal injuries to plaintiff's decedent, who was a passenger in the car, it was held that the negligence was the proximate cause of the driver's conduct in avoiding the collision and the resulting death. There, as here, there was no collision or physical impact.

In Lee v. Donnelly, 95 Vt. 121, 113 A. 542, defendant's negligence in suddenly backing his automobile toward that of the driver of another automobile with whom plaintiff was riding was held to be the proximate cause of the latter's avoiding a collision by turning abruptly to the left in the emergency, striking a bridge rail, and going over an embankment, as a result of which plaintiff was injured.

The wife may have failed to see defendant's team and wagon for the reason that it was not equipped with a light or reflector. If it had been so equipped she probably would have seen it. Her own lights may not have focused on the wagon until she was directly behind it due to the curvature and grade of the road. The question of causal relation is one of fact for the jury and,

as we said in Anderson v. Johnson, 208 Minn. 377, 294 N. W. 227, "should be determined by them in the exercise of practical common sense rather than by the application of abstract principles."

The cases of Geisen v. Luce, 185 Minn. 479, 242 N. W. 8, and Hamilton v. Vare, 184 Minn. 580, 239 N. W. 659, are not in point for the reason that neither of them involved an emergency situation such as was present here.

■ Contributory negligence does not appear as a matter of law. A person is not to be deemed guilty of contributory negligence when in the face of sudden danger or emergency he does not exercise the wisest judgment. Nor is his conduct to be judged after the event solely by the result. Wilson v. N. P. R. Co. 26 Minn. 278, 3 N. W. 333, 37 Am. R. 410. One faced with an emergency is bound to exercise only that caution and judgment which could reasonably be expected from an ordinarily prudent person under the circumstances. Dahlstrom v. Hurtig, 209 Minn. 72, 295 N. W. 508. The Dahlstrom case involved the application of the emergency rule where negligence was involved, but what we there said applies in cases of contributory negligence also. See 4 Dunnell, Minn. Dig. (2 ed. & Supps.) §§ 7020, 7021. Contributory negligence like the other questions was one of fact for the jury.

All the questions discussed involved issues of fact which should have been decided by the jury rather than the court.

Reversed and new trial granted.