Dale **KRYZER**, individually and d/b/a Kryzer & Sons Custom Home Painting, n/k/a Kryzer & Sons Custom Home Painters, Inc., and as parent and natural guardian of Jamie Kryzer, Dale Kryzer, Jr. and Jessie Kryzer, Respondent,

v.

CHAMPLIN AMERICAN LEGION NO. 600, Petitioner, Appellant.

No. C5–91–1396.

Supreme Court of Minnesota.

Dec. 24, 1992.

Steven E. Tomsche, Minneapolis, for appellant.

James S. Ballentine, T. Joseph Crumley, Minneapolis, for respondent.

COYNE, Justice.

On review of a decision of the court of appeals reversing judgment dismissing plaintiffs' complaint for failure to state a cause of action pursuant to the Minnesota Civil Damage Act, Minn.Stat. § 340A.801, subd. 1 (1990), we reaffirm the necessity for a direct causal relationship between the intoxication and the injury and reverse the decision of the court of appeals. *Kryzer v. Champlin American Legion No. 600*, 481 N.W.2d 98 (Minn.App.1992).

Dale Kryzer's complaint alleges only that Champlin American Legion No. 600 "illegally sold and bartered intoxicating liquor to Linda Kryzer when Linda Kryzer was obviously intoxicated" and that "[a]s a direct result of said illegal sale and barter of intoxicating liquor to Linda Kryzer, Linda Kryzer was caused to be removed from the bar by an employee of the defendant which resulted in injury to her wrist." The complaint alleged neither that the illegal sale contributed to Linda Kryzer's intoxication nor that her intoxication contributed to cause the injury.

On defendants' motion for dismissal pursuant to Rule 12.02(e), Minn.R.Civ.P., the trial court properly tested the complaint by assuming the existence of all facts consistent with the allegations of the complaint. *Northern States Power Co. v. Franklin*, 265 Minn. 391, 395, 122 N.W.2d 26, 29 (1963). Thus, because an illegal sale of liquor to an obviously intoxicated patron invites an inference that the illegal sale, although not the sole cause of Mrs. Kryzer's intoxication, was a cooperating, concurring, or proximately contributing cause thereof, *see Hahn v. City of Ortonville*, 238 Minn. 428, 432, 57 N.W.2d 254, 258–59

(1953), the trial court supplied the causal element missing from the complaint with respect to the relationship between illegal sale and intoxication.

The trial court concluded, however, that even if it were proved that Mrs. Kryzer was removed from the bar because of her intoxication, and that she was injured when she was ejected from the bar, those facts do not permit an inference that Mrs. Kryzer's intoxication directly contributed to cause her injuries or those of the plaintiffs. The trial court went on to declare that the logical connection between the intoxication and the injury was too remote to support a cause of action pursuant to the civil damage act.

Forty years ago this court ruled that in order to establish liability pursuant to the civil damage act, then Minn.Stat. § 340.95, the liquor illegally sold need not be the sole cause of intoxication, that it is enough if it be a *"proximately* contributing cause." *Hahn v. City of Ortonville*, 238 Minn. 428, 432, 57 N.W.2d 254, 258–59 (1953). Thirty-seven years ago this court ruled that a claimant seeking recovery pursuant to the civil damage act must show that the defendant illegally sold intoxicating liquor which caused intoxication and "that such intoxication was the *proximate cause* of plaintiff's injuries." *Strand v. Village of Watson*, 245 Minn. 414, 419, 72 N.W.2d 609, 614 (1955) (emphasis supplied). That the claimant in an action brought pursuant to the civil damage act bears "the burden of establishing that his damages were the *proximate result of the illegal sale"* was reiterated in *Adamson v. Dougherty*, 248 Minn. 535, 542, 81 N.W.2d 110, 115 (1957) (emphasis supplied). The next year we said it again:

> It is elementary that before plaintiffs are entitled to recover in these cases they must show by competent proof that defendants or any of them unlawfully furnished intoxicating liquor * * * which caused or contributed to * * * intoxication and that the same was a proximate cause of the [claimant's] injuries * * * *

*Hartwig v. Loyal Order of Moose, Brainerd Lodge,* 253 Minn. 347, 355, 91 N.W.2d 794, 801 (1958).

Although we have not since had occasion to expressly require that the causal relationship be proximate, this court has never retreated from that requirement. Over the intervening years there have been references to "the causation requirements which this court has established," *see Trail v. Village of Elk River,* 286 Minn. 380, 389, 175 N.W.2d 916, 921 (1970). On other occasions the necessary causal connection has been described in terms we use to define proximate cause. *Compare Hollerich v. City of Good Thunder,* 340 N.W.2d 665, 668 (Minn.1983), *with Flom v. Flom,* 291 N.W.2d 914, 917 (Minn.1980), *and Peterson v. Fulton,* 192 Minn. 360, 365, 256 N.W. 901, 903 (1934).

Nevertheless, after declaring that this court had never articulated a standard for establishing the connection between the intoxication and the injury, the court of appeals created its own test for causal connection—opting for a "but for" connection, which may or may not signify a causal connection. In ruling that the complaint in this action met the causation requirement of the civil damage act, the court of appeals said "but for wife's intoxication, she would not have been removed from the bar; and but for her removal from the bar, wife would not have been injured." 481 N.W.2d at 103.

As long ago as 1882, Minnesota distinguished between the occasion and the cause of an injury. *Nelson v. Chicago, M. & St. P. Ry. Co.,* 30 Minn. 74, 14 N.W. 360 (1882) (an action to recover the value of a mule alleged to have been fatally injured by reason of the railroad's failure to fence its road as required by statute). Plaintiff's mule escaped while he was leading it to water. As the mule ran along the unfenced railroad track, it stepped into a small hole, two to four inches in diameter, in the soil between the ties and broke its leg. The plaintiff sought recovery pursuant to a statute which provided that "all railroad companies shall be liable for domestic animals killed or injured by the neg-ligence of such companies, and a failure to build and maintain [good and sufficient] fences [on each side of their roads] * * * shall be deemed an act of negligence." Section 55, c. 34, Gen.St. 1878. There the court pointed out

[I]t was neither the design nor the effect of the statute to make a railroad company liable absolutely for all injuries which would not have occurred had a fence been built, regardless of the fact whether such injury was the direct and natural, or only the remote and accidental, consequence of the absence of a fence, or whether the neglect to fence was merely the occasion and not the natural cause of the injury.

*Id.* at 76, 14 N.W. at 361. Justice Mitchell went on to say that "it is not enough that if a fence had been built the mule would not have gotten on the track, and hence would not have been injured. The omission to build the fence must have been the cause and not the mere occasion of the injury." *Id.*

In *Childs v. Standard Oil Co.,* 149 Minn. 166, 170, 182 N.W. 1000, 1001 (1921), this court expressly rejected "but for" as a test of causation:

The fact that damage would not have happened but for defendant's tortious act does not, as a matter of law, necessitate the conclusion that such act was the proximate cause of the damage.

In the *Childs* case, as here, the act of a third party precipitated the injury for which the plaintiff sought recovery. The *Childs* court held that the defendant's act had become injurious only through the wrongful act of another and that liability attached only to the last act. *Id.* at 171, 182 N.W. at 1002. *See also Medved v. Doolittle,* 220 Minn. 352, 19 N.W.2d 788 (1945).

Here, Mrs. Kryzer's intoxication may have been the occasion for her ejection from the legion club, but it did not cause either her injury or that sustained by the plaintiff. The complaint alleges only that it was an act of a club employee in ejecting her which caused the injury. Although the conduct of the employee in removing Mrs.

Kryzer from the club, if negligently performed, may give rise to liability under the common law, it does not provide any causal connection between the intoxication and the injury. *See, e.g., Crea v. Bly,* 298 N.W.2d 66 (Minn.1980).

Reversed and judgment of dismissal reinstated.

WAHL, J., took no part in the consideration or decision of this case.