**Clark WEBER, Appellant,**

**v.**

**Alan AU, individually and formerly doing business as Alan's Night Club and/or City Side and/or Golden Spike, Respondent.**

No. C8–93–1977.

Court of Appeals of Minnesota.

March 1, 1994.

Stephen Torvik, Nelson Oyen Torvik, Montevideo, for appellant.

John D. Sens, Wintroub, Rinden and Sens, Minneapolis, for respondent.

Considered and decided by KALITOWSKI, P.J., and PETERSON and HARTEN, JJ.

## OPINION

HARTEN, Judge.

Appellant Clark Weber challenges the district court's grant of summary judgment to respondent Alan Au, individually, and formerly doing business as Alan's Night Club and/or City Side and/or Golden Spike. The district court dismissed the civil liability act lawsuit which Weber brought pursuant to Minn.Stat. § 340A.801, subd. 1 (1990). The district court held that Au's illegal sale of beer to a minor was not a direct cause of a knee injury that Weber, a police officer, sustained as he apprehended the minor. This apprehension followed a foot chase which began when Weber came upon and broke up a street fight in which the minor was a participant. We affirm.

## FACTS

During the night of October 5 or early morning of October 6, 1990, the minor consumed alcoholic beverages in Au's bar. At about 1:00 a.m. on October 6, 1990, Weber came upon a fight outside the bar in which, according to Weber's police report, the minor "was doing all of the punching."

Weber further stated:

As soon as I pulled up, [the minor] * * * got up, and ran [away]. [Two] males approached me and stated that they had walked out of [Au's bar] and two young ladies were standing on the sidewalk. They stopped and began to talk with them, when [the minor] came out the door and started yelling and swearing at them, up-

set about them talking to the ladies. The two guys started to walk away, words were exchanged and [the minor] followed them [and a] fight began. * * *.

During the time I was talking to these other two, I observed [the minor] cross the street and get into a [car]. When I saw this vehicle start to leave its parking space, I pursued it, and pulled it over * * *. I told [the minor] to get out of the car. He got out on the passenger side, and started running [away]. * * *. I drove to the top of the hill and exited my squad car just as [the minor] made it to the top of [some] stairs. I chased [the minor] on foot, and grabbed a hold of his collar with my left hand. [The minor] stumbled, I slammed into him, and we fell to the pavement. * * *. [The minor] was then transported to [jail] for the night [and] charged with disorderly conduct and minor consumption.

In March 1992, Weber served Au with notice of a civil liability act claim pursuant to Minn.Stat. § 340A.802, subd. 1 (1990). In May 1992, Weber sued Au. Au subsequently moved for summary judgment to dismiss Weber's lawsuit. On July 6, 1993, the district court entered summary judgment in favor of Au.

## ISSUE

Were Weber's injuries proximately caused by intoxication of the minor resulting from Au's illegal sale of alcoholic beverages to the minor?

## ANALYSIS

■ Minn.Stat. § 340A.801, subd. 1 (1990) provides that someone

injured * * * by an intoxicated person * * * has a right of action * * * for all damages sustained against a person who caused the intoxication of that person by illegally selling alcoholic beverages.

Minn.Stat. § 340A.503, subd. 1 (1990) makes it illegal for a licensee to allow anyone under age 21 to consume alcoholic beverages on premises licensed to retail intoxicating liquor.

■ There is no dispute that Au illegally sold alcoholic beverages to the minor. A civil liability act claimant must also, however, "es-

tablish that the illegal sale contributed to the intoxication [and] that the intoxication contributed to cause the injury." *Hollerich v. City of Good Thunder*, 340 N.W.2d 665, 668 (Minn.1983), *cited in Kryzer v. Champlin Am. Legion No. 600*, 494 N.W.2d 35, 37 (Minn.1992). That is, the civil liability statute requires a causal connection between the intoxication and the injury, not just the sale and the injury.

■ Here, the parties and the district court have not addressed whether the *intoxication* was causally related to Weber's injury. In neither his notice of a civil liability act claim, nor in his complaint, did Weber allege that the minor was intoxicated, let alone that the minor's intoxication caused Weber's injury. Furthermore, in granting summary judgment dismissing Weber's lawsuit, the district court held that the illegal sale to the minor "may have been the occasion for [Weber's injury], but the *illegal sale* was not a legal cause of the injury." (Emphasis added.)

In opposing Au's motion for summary judgment and in his briefing on appeal, Weber simply alleged that Au's illegal sale contributed to the minor's intoxication, which caused the minor to engage in disorderly conduct in the fight outside the bar. Weber did not, however, allege that the minor's intoxication caused the minor to flee from Weber or that the minor's intoxication caused Weber and the minor to fall when Weber grabbed the minor's collar.[1] Rather, Weber argued that, "but for" Au contributing to the minor's becoming drunk and disorderly by illegally selling him alcohol, Weber, as a police officer, would not have had the duty to apprehend the minor, and "but for" that duty, Weber and the minor would not have fallen down and injured Weber's knee.

Summary judgment should be granted if there are no genuine issues of material fact and a party is entitled to judgment as a matter of law. Minn.R.Civ.P. 56.03, *cited in*

*Spragg v. Shuster*, 398 N.W.2d 683, 685 (Minn.App.1987), *pet. for rev. denied* (Minn. Mar. 13, 1987). We hold that there are no material facts in dispute. *See Spragg*, 398 N.W.2d at 685 (a "material fact" affects the outcome of the litigation). Even if we assume that Weber raises an inference that the minor was intoxicated when he started the fight outside the bar, Weber has made no allegation that the intoxication had any role in the injury Weber sustained when he apprehended the minor after chasing him on foot.

■ Furthermore, as a matter of law, the supreme court has rejected the "but for" analysis proffered by Weber. *See Kryzer*, 494 N.W.2d at 37 (noting the distinction "between the occasion and the cause of an injury"). Therefore, any factual dispute about the minor's intoxication is not material because Weber's "but for" theory fails to properly allege causation.

We also hold that Weber has misplaced reliance on two cases—the first in which a police officer's individual civil liability act lawsuit was disallowed under the so-called "fireman's rule," and the second in which his family's civil liability act lawsuit was allowed. *See Hannah v. Jensen*, 298 N.W.2d 52 (Minn. 1980); *Hannah v. Chmielewski, Inc.*, 323 N.W.2d 781 (Minn.1982). The causal relation between the intoxication and the injury was assumed in the *Hannah* cases; moreover, the facts are distinguishable.

In the *Hannah* cases, the police officer was injured when he was removing an intoxicated person from a bar. The intoxicated bar patron got into a fight with the bartender, police were summoned, the police officer escorted the bar patron outside, a scuffle ensued and the police officer was injured. *Hannah v. Jensen*, 298 N.W.2d at 53–54. The distinction is that in the *Hannah* cases, it appears that the intoxicated person assaulted the police officer, while in the instant

---

1. In fact, except for an inference arising from his starting the fight outside the bar, there is no evidence the minor was intoxicated. The minor was not charged with driving while intoxicated despite his having driven his car a short distance prior to the foot race that culminated in Weber's

knee injury. Nor did Weber's report indicate that Weber observed the minor to be intoxicated. *Cf. Dahlin v. Kron*, 232 Minn. 312, 316, 45 N.W.2d 833, 836 (1950) (civil liability act claim may not be maintained where there was no intoxication despite illegal sale).

case, the minor ran away and the police officer "tackled" him.

## DECISION

Because Weber has failed to allege that any intoxication of the minor contributed to the cause of Weber's injuries, Weber's lawsuit may not be maintained pursuant to Minn.Stat. § 340A.801, subd. 1.

**Affirmed.**