Charlene KUNZA, f/k/a Charlene Pantze, Appellant,

v.

Curtis PANTZE, Respondent,

Deltauer, Inc., d/b/a The King of Clubs Bar, Respondent.

No. C3–94–1802.

Court of Appeals of Minnesota.

Feb. 21, 1995.

Randall J. Fuller, Gary T. LaFleur, Babcock, Locher, Neilson & Mannella, Anoka, for appellant.

Marianne Settano, Roseville, Steven E. Tomsche, Foster, Waldeck, Lind & Gries, Ltd., Minneapolis, for respondents.

Considered and decided by HUSPENI, P.J., and HARTEN and MINENKO,* JJ.

*Retired judge of the district court, serving as judge of the Minnesota Court of Appeals by ap-

## OPINION

HARTEN, Judge.

Appellant challenges summary judgment in favor of respondent bar in her dram shop action, contending that the district court erred in ruling that her former husband's intoxication could not have been a proximate cause of appellant's injuries as a matter of law.

## FACTS

This case arises from an incident occurring on November 22, 1991, in which appellant Charlene Kunza jumped or fell from a van driven by Curtis Pantze. Prior to the occurrence, the two had been drinking at the King of Clubs Bar. After leaving the bar, appellant and Pantze, who were then married, began to argue. At some point appellant opened the passenger door.

Pantze testified in his deposition that appellant threatened to jump out of the van, that he grabbed her by her hair and jacket to prevent her from doing so, but that appellant eventually succeeded in jumping out. Appellant testified in her deposition that she knew that Pantze was intoxicated and that, as they were driving, Pantze began to abuse her physically by pulling her hair and hitting her in the face. Appellant further testified that as they approached a traffic light, expecting Pantze to stop, she opened the door, but that instead of stopping, Pantze accelerated. Appellant did not remember how she left the van.

Appellant sued Pantze in negligence to recover for various injuries, including the loss of her senses of taste and smell, a collapsed lung, the "degloving" of her scalp, and the loss of some peripheral vision. Appellant and Pantze eventually settled this claim.

Appellant also sued respondent Deltauer, Inc., d/b/a King of Clubs Bar, under the dram shop act, alleging that the bar's illegal sale of alcoholic beverages to Pantze caused Pantze's intoxication and that the intoxication

pointment pursuant to Minn. Const. art. VI, § 10.

caused appellant's injuries. The district court granted Deltauer summary judgment, ruling as a matter of law that the intoxication did not cause the injuries. This appeal results.

## ISSUE

Did the district court err in ruling as a matter of law that Pantze's intoxication was not a proximate cause of appellant's injuries?

## ANALYSIS

Appellant challenges the summary judgment in favor of Deltauer. On appeal from summary judgment, this court must determine whether there are any genuine issues of material fact and whether the district court erred in its application of the law. *State ex rel. Cooper v. French*, 460 N.W.2d 2, 4 (Minn.1990). On appeal, we must view the evidence in the light most favorable to the party against whom summary judgment was granted. *Fabio v. Bellomo*, 504 N.W.2d 758, 761 (Minn.1993).

Appellant's cause of action against Deltauer arose under the following provision of the dram shop act:

A spouse, child, parent, guardian, employer, or other person injured in person, property, or means of support, or who incurs other pecuniary loss by an intoxicated person or by the intoxication of another person, has a right of action in the person's own name for all damages sustained against a person who caused the intoxication of that person by illegally selling alcoholic beverages.

Minn.Stat. § 340A.801, subd. 1 (1990). To establish liability under the dram shop act, a plaintiff must establish

1. That the sale of alcohol was in violation of a provision of Minn.Stat. ch. 340A;

2. That the violation was substantially related to the purposes sought to be achieved by the [dram shop act];

3. That the illegal sale was a cause of the intoxication; and

4. That the intoxication was a cause of the plaintiff's injuries.

*Rambaum v. Swisher*, 435 N.W.2d 19, 21 (Minn.1989). The supreme court has confirmed that the necessary causal relationship in the latter two elements is one of *proximate cause*. *Kryzer v. Champlin Am. Legion No. 600*, 494 N.W.2d 35, 36–37 (Minn. 1992). For purposes of its summary judgment motion, Deltauer conceded the first three elements; therefore, the only issue here is whether Pantze's intoxication could have been a proximate cause of appellant's injuries.

In granting Deltauer summary judgment, the district court found that there were no disputed issues of material fact. Pantze alleged that appellant jumped out of the van. Appellant alleged that she did not remember how she left the van, but she admitted opening the van door. The district court ruled that, even when the evidence is viewed in a light most favorable to appellant, Pantze's intoxication could not have proximately caused appellant's injuries because appellant voluntarily opened the van door, thereby severing the causal chain.

Appellant argues that Pantze's intoxication directly caused her injuries. Appellant testified that Pantze had been physically abusing her before she left the van, and that she knew that Pantze became violent and abusive when, and only when, he was intoxicated. Appellant suggests that her only alternatives at the time of the accident were to endure further abuse or to exit the van. In appellant's view, Pantze's intoxication caused him to be abusive; therefore, it also caused appellant to open the van door, which resulted in her injuries. Finally, appellant argues that the voluntariness or involuntariness of her departure from the van is irrelevant to the question whether the intoxication was a proximate cause of her injuries.

We believe that Pantze's intoxication *could* be a proximate cause of appellant's injuries and that the question should therefore be considered by a jury. Conduct may be the proximate cause of an injury if the conduct is a substantial factor in bringing about the injury. *Fiedler v. Adams*, 466 N.W.2d 39, 43 (Minn.App.1991), *pet. for rev. denied* (Minn. Apr. 29, 1991). A determination of proximate cause depends on an appli-

cation of common sense to the facts of the case. *Johnson v. Chicago Great W. Ry.*, 242 Minn. 130, 134, 64 N.W.2d 372, 376 (1954).

Deltauer argues that the voluntariness of appellant's conduct severs the causal chain from the intoxication to the injuries. Appellant contends that her actions were necessary to escape physical abuse that can be directly linked to Pantze's intoxication.

█ Common law proximate cause cases support appellant's contention. For instance, a person's negligence in driving a motor vehicle may be the proximate cause of injuries immediately caused by a second driver's attempt to avoid a collision with the negligent driver. In *Smith v. Carlson*, 209 Minn. 268, 296 N.W. 132 (1941), a motorist sustained injuries when she lost control after swerving to avoid a collision with a wagon. *Id.* at 269–70, 296 N.W. at 133. The supreme court reversed a directed verdict in favor of the owner of the wagon, holding that the owner's negligence may have been the proximate cause of the injuries, even though there was no collision or physical contact between the automobile and the wagon. *Id.* at 272, 296 N.W. at 134. The court stated that the question of proximate cause was one of fact for the jury and that it

should be determined by them in the exercise of practical common sense rather than by the application of abstract principles.

*Id.* at 274–75, 296 N.W. at 135 (citation omitted).

The court in *Smith* relied in part on the Restatement, holding that

[a]n act done in normal response to the stimulus of the situation created by the actor's negligence is a substantial factor in bringing about the injury and not an independent intervening cause.

*Id.* at 272, 296 N.W. at 134 (citing Restatement (First) of Torts § 443 cmt. a (1934)). Restatement section 443 now states:

The intervention of a force which is a normal consequence of a situation created by the actor's negligent conduct is not a superseding cause of harm which such conduct has been a substantial factor in bringing about.

Restatement (Second) of Torts § 443 (1965). A comment explains that the section applies to an act committed by the person injured and that the injured person's act need not be "reasonable" (though an unreasonable act may amount to contributory negligence). *Id.* cmt. a. In this case, appellant's act may have been a normal response to the situation created by the intoxication (i.e., the physical abuse); therefore, appellant's act may not have severed the chain of causation from Pantze's intoxication to appellant's injuries.

The court in *Smith* also relied on *Wilson v. Northern Pac. R.R.*, 26 Minn. 278, 3 N.W. 333 (1879), in which the supreme court applied this general principle to hold a railroad liable for injuries sustained by a passenger who jumped from a train to extricate himself from imminent peril. *Smith*, 209 Minn. at 272, 296 N.W. at 134 (citing *Wilson*, 26 Minn. at 284, 3 N.W. at 337). As the *Smith* court noted, the injury in *Wilson*

was caused not by any force applied by defendant to the plaintiff, but solely by the latter's act in the emergency of jumping to avoid injury.

*Id.*

More recently, this court has held that a driver's negligence may be the proximate cause of injuries resulting from a collision between two other automobiles. *See Maanum v. Aust*, 364 N.W.2d 827 (Minn.App. 1985), *pet. for rev. denied* (Minn. June 14, 1985). In *Maanum*, the plaintiffs were injured in a head-on collision with a truck; the truck had been following the appellant's vehicle, which was towing a fish house without taillights. *Id.* at 829–30. The truck driver eventually lost sight of the appellant's vehicle in the snow and crossed the center line. *Id.* at 830. The court held that the act of the truck driver was "a normal response to the stimulus of a situation created by" appellant's original negligence in driving without taillights; therefore, appellant's wrongful act could have proximately caused the plaintiffs' injuries. *Id.* at 831 (citation omitted). The court noted that a driver

may be held liable for an accident occurring through the negligent operation of his machine, although the immediate cause of

the accident was the negligent act of a third party.

*Id.* (quoting *Eichten v. Central Minn. Coop. Power Ass'n,* 224 Minn. 180, 190, 28 N.W.2d 862, 869 (1947)).

The cases indicate, then, that wrongful conduct may be the proximate cause of injuries resulting from the plaintiff's efforts to avoid the direct consequences of the wrongful conduct, even if the plaintiff acted unreasonably in choosing a means of avoidance. We therefore hold that Pantze's intoxication could have been a proximate cause of appellant's injuries, even though appellant's own actions may have been the immediate cause of those injuries.

This view does not conflict with prior cases involving dram shop actions. In *Kryzer,* the intoxication of the appellant's wife had caused her removal from the bar by an employee of the bar, and the wife was then injured while being removed. *Kryzer,* 494 N.W.2d at 36. The appellant in that case argued that the injuries would not have occurred but for the intoxication. *Id.* The supreme court, however, rejected such a "but for" analysis as a test of causation. *Id.* at 37. The court distinguished between the *occasion* and the *cause* of an injury and held that, while the wife's intoxication may have occasioned her ejection from the bar, it did not cause her injury. *Id.* Consequently, the court upheld the trial court dismissal of the claim against the bar. *Id.* at 36.

Deltauer also cites our recent opinion in *Weber v. Au,* 512 N.W.2d 348 (Minn.App. 1994). In *Weber,* a police officer who injured his knee while chasing and apprehending a minor who had been involved in fight, sued the bar that had sold drinks to the minor. *Id.* at 349. This court upheld a summary judgment in favor of the bar. *Id.* We stated that the officer's position amounted to an argument that the officer would not have had a duty to chase the minor "but for" the minor's intoxication, and noted that the supreme court had rejected such an analysis in *Kryzer. Id.* at 350. We held that there was no evidence that the intoxication had either caused the minor to flee the officer or caused them to fall when the officer grabbed the minor. *Id.*

In Deltauer's view, appellant is arguing that the necessary causal link exists in this case because she would not have been injured "but for" Pantze's intoxication. Deltauer contends that Pantze's intoxication is only the occasion for appellant's injuries, not the cause, and that appellant's position, which relies on a "but for" analysis, must therefore be rejected under *Kryzer.* We disagree. The causal relationship argued by appellant is much more direct and immediate and much less attenuated than the causal links deemed too remote in *Kryzer* and *Weber.* We believe that the evidence, when viewed in appellant's favor under the summary judgment review standard, indicates that Pantze's intoxication was the cause of appellant's injuries, and not merely the occasion for them.

Deltauer argues that the supreme court's decision in *Lewellin v. Huber,* 465 N.W.2d 62 (Minn.1991), compels a different result. In *Lewellin,* a driver lost control of her car when she was distracted by the playful actions of a dog riding in the car; the car then left the road and hit the plaintiff. *Id.* at 63. The plaintiff sued the owner of the dog under the state's dog owner liability statute, which holds owners strictly liable for injuries caused by their dogs. *Id.* The supreme court held that the chain of events was too attenuated to constitute legal causation in that case. *Id.* at 66. The court stated that

> [i]n applying our dog owner's liability statute, public policy and legislative intent are best served by limiting proximate cause to direct and immediate results of the dog's actions.

*Id.* at 65–66.

Like *Lewellin,* the instant case involves a strict liability cause of action created by statute. *See Dahl v. Northwestern Nat'l Bank,* 265 Minn. 216, 220, 121 N.W.2d 321, 324 (1963) (dram shop act imposes liability without regard to fault). Nevertheless, here we decline to limit proximate cause (substantial factor in bringing about injury) by equating it with immediate cause of the injury. The supreme court has not indicated that anything other than a traditional common-law

analysis should govern questions of proximate cause under the dram shop act.

We reverse the summary judgment and remand the case to the district court for trial.

## DECISION

The district court erred in granting Deltauer's motion for summary judgment in appellant's dram shop action because Pantze's intoxication could have been a proximate cause of appellant's injuries.

**Reversed and remanded.**