## ASA B. MARCY AND ANOTHER v. RONALD BJORKLUND AND OTHERS.

189 N. W. (2d) 195.

July 23, 1971—No. 42620.

*Stiening, Olson, Thysell & Gjevre* and *Alden H. Gjevre,* for appellants.

*Garrity, Cahill, Gunhus, Streed & Grinnell* and *James D. Cahill,* for respondents Bjorklund.

*Irvine, Ramstad & Quam* and *Robert W. Irvine,* for respondents Marcy.

Heard before Knutson, C. J., and Nelson, Murphy, Otis, and Rogosheske, JJ.

MURPHY, JUSTICE.

Appeal from an order of the district court denying a motion for judgment notwithstanding the verdict or, in the alternative, for a new trial. The actions, consolidated for trial, involve a claim for damages sustained by plaintiffs, Asa B. Marcy and Katherine Marcy, resulting from a head-on collision between two automobiles. It is contended by defendants-appellants, Steven and Raymond Paulsen, that because their automobile was not physically involved in the collision they should not be held jointly liable.

The collision involved automobiles driven by plaintiff Asa Marcy and defendant Ronald Bjorklund, age 17. Plaintiff Katherine Marcy, owner of the car her husband was driving, was a passenger in that automobile. Ronald was driving an automobile owned by his father, defendant Harry Bjorklund, and had two

passengers, his brother Robert and Richard Anderson. The latter died of injuries received in the accident.

Shortly before the accident, the Bjorklund car was approaching a township road leading to U. S. Highway No. 59. As he made the approach to the intersection with the township road, Ronald observed a parked automobile. This car, owned by defendant Raymond Paulsen, was being driven by defendant Steven Paulsen, another teenager, who was accompanied by his friend, Don Oelgerson. They had stopped at the intersection to attach a message to a road sign in order to assist friends in finding the Oelgerson lake home.

After returning to the parked car, Paulsen proceeded to the township road's intersection with Highway No. 59, at which point defendant Ronald Bjorklund pulled up immediately behind. As he started out, Paulsen abruptly released the clutch and pressed the accelerator of his automobile so as to spin the rear wheels in the loose gravel on the road surface. The spinning wheels from the Paulsen car threw gravel and rocks backwards, striking the Bjorklund car with sufficient force to break the windshield.

The jury could well find that Paulsen was aware of the condition of the roadway; that he knew the Bjorklund car was stopped behind him; and that he knew the manner in which he started and accelerated his car would cause gravel to be thrown to the rear. Though he was unaware that he had actually damaged the Bjorklund car, he knew that "[w]hat had occurred was of such a nature" that he would probably be followed. Bjorklund's reaction was to immediately pursue the car ahead in an attempt to get its license number.

Paulsen crossed Highway No. 59 and entered a gravel road, swerving in a "fishtailing" fashion and creating dust in his wake. He was aware that the Bjorklund car had followed him across the highway, and both he and his companion kept a lookout to the rear. Bjorklund testified that the dust raised by the Paulsen car obscured his view and that it was so dense that he

could only see about two car lengths ahead, although he was able to observe the shoulder of the road. He decided, before reaching the crest of a hill about a quarter of a mile from the intersection, to give up the chase because he could "see that it was hopeless."

At that point, Bjorklund collided with the automobile driven by Marcy, which was approaching from the opposite direction. As Marcy had approached the Paulsen car, each driver had moved to his right on the narrow country road. Immediately after the Paulsen and Marcy automobiles passed each other, the collision between the Marcy and Bjorklund vehicles occurred. The jury could well find that after the Marcy car had passed the Paulsen car, as it came over the crest of the hill, it entered into an area dense with dust which obscured vision of the road.

By special verdict the jury found that both Steven Paulsen and Ronald Bjorklund were negligent and that the negligence of each was a direct cause of the accident. The comparative negligence of the defendants was attributed 58 percent to Bjorklund and 42 percent to Paulsen.

The principal claim of appellants is that there could be no causal connection between Steven Paulsen's conduct and the collision since his automobile was beyond the point of impact when the collision occurred. The trial court fully charged the jury with respect to the issues involved, including direct or proximate and concurrent causes. The court said:

"A direct or proximate cause is a cause which had a substantial part in bringing about an accident. A direct or proximate cause is that which causes an accident directly and immediately, or through a natural sequence of events. There may be more than one direct or proximate cause of an accident. When the effects of negligent conduct of two or more persons actively work at substantially the same time to cause an accident, each may be found to be a direct or proximate cause of the accident."

No objections were made to the court's instructions. They thus became the law of the case. Baldwin v. Chicago & N. W. Ry. Co. 285 Minn. 15, 171 N. W. (2d) 89.

We agree with the trial court that under the circumstances established by the record the jury could properly find that the damages sustained by plaintiffs resulted from the concurrent negligence of both defendants. It is obvious that Bjorklund was negligent in following the car ahead so closely that he could not safely observe approaching traffic. We are also satisfied that the jury could find that the operator of the forward car negligently created a situation which would prompt the following driver to pursue him for the purpose of identification and that this conduct concurred with the negligence of the following driver to cause the damage complained of. Paulsen was aware that he was being followed and drove his automobile in a manner which was calculated to elude his pursuer. The record fairly presents a picture of two automobile drivers acting in concert following the events which occurred at the intersection.

In Reader v. Ottis, 147 Minn. 335, 339, 180 N. W. 117, 118, 16 A. L. R. 463, 465, we said:

"The rule is well settled that, where two or more tort-feasors, by concurrent acts of negligence, which, although disconnected, yet, in combination, inflict injury, all are liable."

See, also, 8 Am. Jur. (2d) Automobiles and Highway Traffic, § 719.

In the final analysis, the question of proximate cause was one for the jury to determine in the exercise of practical common-sense, subject to the supervisory power of the court. 13B Dunnell, Dig. (3 ed.) § 7000; Raiche v. Martin, 238 Minn. 230, 56 N. W. (2d) 625.

Affirmed.