**Owen REGAN, as trustee for the next of kin of Susan Stromberg, Decedent, Appellant,**

v.

**Gary STROMBERG, Respondent.**

**No. 49071.**

Supreme Court of Minnesota.

Oct. 19, 1979.

Briggs & Morgan, Leonard J. Keyes, and Bonnie L. Berezovsky, St. Paul, for appellant.

Berens, Rodenberg, O'Connor & Olson, R. T. Rodenberg and Clark A. Tuttle, III, New Ulm, for respondent.

ROGOSHESKE, Justice.

Plaintiff, Owen Regan, as trustee for the next of kin of decedent, Susan Stromberg, appeals from an order of the district court denying his alternative post-trial motions for judgment notwithstanding the verdict or a new trial in this action for death by wrongful act. Defendant, Gary Stromberg, filed a notice of review. The issues raised are whether defendant had, as a matter of law, a continuing duty to protect decedent from foreseeable harm, whether the trial court erred in submitting the issue of superseding cause to the jury, and whether the trial court's inadvertent misstatement of one of the elements of superseding cause constitutes reversible error. We conclude that instructions on duty and superseding cause were proper but that the trial court's misstatement of a potentially controlling principle requires a new trial. We reverse and remand for a new trial on the issue of liability.

On February 26, 1977, decedent, Susan Stromberg, then age 29, and her husband, defendant, Gary Stromberg, then age 27, spent approximately 4 hours dancing and drinking beer in a Mankato tavern. Each consumed eight to ten bottles of strong beer prior to leaving the bar at about 12:30 a. m. Defendant testified that his wife did not manifest any of the usual physical signs of intoxication but that she was argumentative and was "needling" him while at the bar and after they left for their home in Madelia. A mile west of Lake Crystal on Highway 60 defendant struck decedent and told her that she could leave the car. She apparently agreed and got out when defendant stopped. It was a dark night, and she was dressed in dark clothing. Defendant drove away, intending to turn around and return. By the time he did so, decedent had been struck and killed by an automobile operated by Paul Anderson, an intoxicated driver. The driver testified that he saw decedent only an instant before impact and that she was crawling on the highway toward the ditch. Defendant's blood alcohol content was approximately .09 percent, while that of decedent was .22 percent. There was expert medical testimony that a person with decedent's blood alcohol content would appear obviously intoxicated.

The trustee brought suit against defendant and Anderson on behalf of decedent's two surviving minor daughters. A Pierringer release terminated the Anderson action and the trustee's action against defendant was tried to a jury. By special verdict the jury found both drivers (defendant and Anderson), as well as decedent, negligent but found that only Anderson's and decedent's negligence were direct causes of the death. Negligence was apportioned at 50 percent each and damages were assessed at $200,000. Accordingly, the court dismissed the trustee's cause of action with prejudice. The trustee moved for a new trial on the grounds that the issue of superseding cause should not have been submitted to the jury and that the instruction on superseding cause erroneously stated that a superseding cause must have been *reasonably foreseeable* by the original wrongdoer. The trial court denied the motion, reasoning that superseding cause was a fact question for the jury and that failure to object to the instruction, a correct statement of the law by defense counsel in final argument, and the jury's concerns as evidenced by its return for further instruction indicated that the error was not prejudicial.

On appeal the trustee first argues that a husband who negligently leaves his

intoxicated wife on a highway at night has, as a matter of law, a continuing duty to protect her from foreseeable harm. The trustee concedes that the trial court's instruction to the jury correctly summarized the law with respect to the existence of a duty:

> Where one is in charge of another, or who being under no duty to do so takes charge of another, and who knows or in the exercise of reasonable care should know that the physical or mental condition of such person is such that it is reasonably foreseeable that such person would be exposed to injury, then the person in charge must use reasonable care to prevent such exposure. Failure to do so is negligence.

See, *Depue v. Flatau,* 100 Minn. 299, 111 N.W. 1 (1907); Restatement (Second) of Torts § 324 (1965). A determination that defendant was bound by a common-law duty [1] of this nature requires findings that decedent was under a disability and that defendant was "in charge" of her. The record demonstrates that both issues were substantially disputed at trial. Defendant testified that decedent's speech and coordination were not changed by her drinking; but the results of her blood alcohol test, according to medical testimony, indicated incapacitation. There was also evidence that decedent's exiting the car was the result of a mutual decision. We believe that the issue of the duty owed decedent by defendant was properly left to the jury.

The trustee also argues that harm to decedent was foreseeable as a matter of law and that, therefore, the issue of superseding cause was improperly submitted to the jury. Four elements are necessary for a cause to be superseding:

> (1) Its harmful effects must have occurred after the original negligence; (2) it must not have been brought about by the original negligence; (3) it must actively work to bring about a result which would not otherwise have followed from the original negligence; and (4) it must not have been reasonably foreseeable by the original wrongdoer.

*Kroeger v. Lee,* 270 Minn. 75, 78, 132 N.W.2d 727, 729 (1965). The trial court must determine whether a reasonable difference of opinion exists regarding the foreseeability of the second cause by the original wrongdoer. *Larson v. Montpetit,* 275 Minn. 394, 147 N.W.2d 580 (1966); *Roberts v. Donaldson,* 276 Minn. 72, 149 N.W.2d 401 (1967). In the present case several factors bear upon foreseeability: decedent's state of intoxication or sobriety, Anderson's intoxication, and the degree of negligence with which Anderson was operating his vehicle. Since reasonable minds could differ in evaluating these factors, the trial judge properly submitted the issue of superseding cause to the jury.

The trustee finally argues that it was fundamental error for the trial court to instruct the jury that to be a superseding cause the subsequent event "must have been reasonably foreseeable by the original wrongdoer." The trial court's omission of "not" from the instruction was inadvertent, and the trustee's counsel, who with defense counsel was provided with a written copy of the instructions—including the erroneous instruction—prior to the charge, failed to object as required by Rule 51, Rules of Civil Procedure. Nonetheless, failure to object does not constitute waiver where the error is asserted in post-trial proceedings, particularly if the error destroys the correctness of the charge as a whole or results in substantial prejudice on a critical issue. *Kallevig v. Holmgren,* 293 Minn. 193, 197 N.W.2d 714 (1972). In denying the trustee's post-trial motions, the trial court found the omission erroneous but inadvertent and nonprejudicial, relying on the fact that both counsel correctly stated the law in their final arguments to the jury and the fact that in its requests for additional instructions the jury

---

1. The case of *Mikes v. Baumgartner,* 277 Minn. 423, 152 N.W.2d 732 (1967), involved a statuto- rily enacted continuing duty and is, therefore, distinguishable.

did not reveal an interest in causation. We do not believe that the correctness of counsel's explanation of governing legal principles rendered the error in the charge nonprejudicial, since the jurors were instructed that it was their duty to follow, apply, and accept the law as given by the judge. Moreover, it is apparent from the facts that the issues of duty and cause were crucial. The unusual jury verdict, finding breach of duty but lack of causation, raises such serious doubt of the jury's understanding and correct application of the law of causation that we are persuaded to order a new trial.

Reversed and remanded for a new trial on the issue of liability.

SHERAN, C. J., took no part in the consideration or decision of this case.