HOLMES, Judge.
Roger A. Day and John H. Brown were each involved in an automobile accident. State Farm, as subrogee of John H. Brown, sued Day alleging that Day’s negligence *106 was the cause of the accident. Day failed to appear and contest State Farm’s claim. Consequently, a default judgment was entered in favor of State Farm.
State Farm then filed a garnishment against Allstate, the liability carrier of Day’s mother. Allstate resisted the garnishment. However, after various motions by both parties, judgment was ultimately rendered against Allstate by the district court.
Allstate then appealed the district court judgment to the circuit court. After an ore terms hearing the circuit court reversed the district court and held for Allstate.
After the denial of its motions for a new trial, State Farm appealed to this court. For the reasons stated below, we reverse the judgment of the circuit court.
A lengthy review of the facts of this case is not necessary. This action arose from an automobile collision involving three automobiles. The accident occurred as State Farm’s insured was chasing Day after Day had allegedly burglarized the home of a neighbor of State Farm’s insured.
At trial Allstate contended that it had no duty to provide coverage under this policy because the conduct which formed the basis of this claim (referring to the burglary) is against public policy. Thus, the sole issue before the trial court was whether Allstate was liable under its policy of insurance.
Only one witness testified at the hearing. Among other things, the trial court allowed the witness to testify that the automobiles of Day and State Farm’s insured were reportedly traveling at speeds of up to one hundred miles per hour. Allstate’s attorney, in his closing argument, seized upon this testimony and stressed that State Farm’s insured had been traveling at a high rate of speed and was not totally an innocent party to the accident.
After hearing the testimony of this one witness, the trial court rendered judgment for Allstate. The trial court gave no reason for its decision but did cite as authority Marcy v. Bjorklund, 291 Minn. 17, 189 N.W.2d 195 (1971), a case dealing solely with an issue of negligence in the operation of an automobile.
As noted earlier, the sole issue before the trial court was whether Allstate was liable, under these circumstances, to provide coverage. When we consider the testimony concerning the speed of the vehicles and the closing argument regarding the negligence of the parties involved along with the case the trial court cited as authority for its decision, it becomes apparent to this court that the trial court did not decide the issue of Allstate’s liability under its insurance policy. Instead, the trial court determined that State Farm’s insured was contributorily negligent. The trial court erred in making this determination.
Prior to this action, State Farm had brought a negligence action against Day. Day failed to appear and a default judgment was entered against him. The default judgment was determinative of any issue of negligence on the part of State Farm’s insured and Day. That determination was binding on the trial court. Hazen Research, Inc. v. Omega Minerals, Inc., 497 F.2d 151 (5th Cir. 1974); McCalley v. Wilburn & Co., 77 Ala. 549 (1884), rev’d on other grounds, Halsey v. Murray, 112 Ala. 185, 20 So. 575 (1896). See Gibson v. Elba Exchange Bank, 266 Ala. 426, 96 So.2d 756 (1957); Womble v. Glenn, 256 Ala. 374, 54 So.2d 715 (1951); Ex parte Allen, 166 Ala. 111, 52 So. 44 (1910). Thus, the trial court was precluded from making a decision based upon any perceived negligence on the part of any of the parties before it.
In view of the above, this court has no alternative but to remand to the trial court for a determination based upon proper considerations.
This case is due to be reversed and remanded.
REVERSED AND REMANDED.
WRIGHT, P. J., and BRADLEY, J., concur.