Roger D. MAANUM, et al.,
Respondents,

v.

Ricky AUST, Respondent,

Steven Wersinger, Appellant.

No. C9–84–1592.

Court of Appeals of Minnesota.

March 26, 1985.

Ronald C. Anderson, Hulstrand, Anderson, Larson & Boylan, Willmar, for Roger D. Maanum, et al.

Kevin S. Carpenter, Bruce E. Sherwood, Quinlivan, Sherwood, Spellacy & Tarvestad, St. Cloud, for Steven Wersinger.

Heard, considered and decided by FORSBERG, P.J., and PARKER and LANSING, JJ.

## OPINION

PARKER, Judge.

Respondents Roger and Merilyn Maanum brought an action in district court seeking damages for personal injuries resulting from a head-on collision with a pickup truck driven by respondent Ricky Aust. Aust had been following another pickup driven by appellant Steven Wersinger. The Maanums sued both Wersinger and Aust for negligence. The trial court directed a verdict against Aust, and a jury found Wersinger causally negligent as well. We affirm.

## FACTS

On the morning of January 20, 1982, appellant Steven Wersinger and respondent Ricky Aust drove with two other men to Lake Emily, Minnesota, and removed Wersinger's fish house from the lake. Wersinger and Aust each drove a four-wheel-drive pickup truck.

At Lake Emily Wersinger attached the fish house to his pickup. The fish house had no taillights or reflectors. When they left Lake Emily, Aust was in the lead, and Wersinger followed. Wersinger had neither his headlights nor his taillights on, while Aust had both on. Aust knew that it would be difficult to see the fish house from behind because it was kicking up snow. Therefore, after one-half mile, Aust allowed Wersinger to pass so Aust's vehicle could act as Wersinger's taillights.

Shortly thereafter, the two pickups entered a sheltered area of the highway where about six to eight inches of snow

had accumulated. The two vehicles were traveling south at approximately the same speed, 30 to 40 miles per hour, with Aust about three car lengths in the rear. Wersinger traveled the entire length of the sheltered area knowing his vehicle was kicking up snow but without looking behind him. Somewhere in the sheltered area Aust lost sight of Wersinger's fish house in the swirl of snow, became disoriented, and crossed over the center line.

Meanwhile, respondents Roger and Merilyn Maanum were approaching the sheltered area in their car from the south. As the Maanums were even with the Wersinger trailer, they saw Aust's headlights in front of them. A collision between the Maanum and Aust vehicles occurred almost instantaneously in the northbound lane.

The Maanums were severely injured and commenced an action for damages against both Wersinger and Aust. Before trial the court granted partial summary judgment, ruling that Wersinger and Aust were not engaged in a joint enterprise at the time of the accident. During trial the court directed a verdict that Aust was causally negligent.

A jury found that Wersinger was also causally negligent. It apportioned 60 percent of the fault to Aust and 40 percent to Wersinger and awarded special and general damages to the Maanums.

The trial court denied Wersinger's post-trial motion for judgment notwithstanding the verdict (JNOV). The court also denied Wersinger's motion for a new trial, upon the condition that the Maanums agree to a remittitur reducing their special damages. The Maanums consented to the remittitur.

## ISSUES

1. Did the trial court err by denying Wersinger's motion for judgment notwithstanding the verdict because the evidence was not sufficient as a matter of law to sustain a verdict against Wersinger?

2. Did the trial court err by refusing to instruct the jury on unavoidable accident?

3. Did the trial court err by instructing the jury on Minnesota's vehicle lighting and speed statutes?

4. Did the trial court err by denying Wersinger's motion for a new trial because of misconduct by the Maanums' attorney?

5. Did the trial court err by ordering remittitur of the jury's special damages award?

## DISCUSSION

### I

In order to prove Wersinger causally negligent, the Maanums must show that (1) Wersinger owed them a duty; (2) Wersinger breached that duty; (3) his breach was a proximate cause of their injuries; and (4) the Maanums, in fact, suffered injuries. *See, e.g., Hudson v. Snyder Body, Inc.,* 326 N.W.2d 149, 157 (Minn.1982). Wersinger contends his negligence was not a proximate cause of the Maanums' injuries because Aust's negligence was a superseding cause of the accident. Thus, he argues, the trial court erred in denying his motion for JNOV.

On appeal from denial of a JNOV motion, the appellate court "review[s] the entire evidence before the trial court to determine whether there is any competent evidence reasonably tending to sustain the verdict. Unless the evidence is practically conclusive against the verdict, [the appellate court] will not set the verdict aside." *Sandhofer v. Abbott-Northwestern Hospital,* 283 N.W.2d 362, 365 (Minn.1979). Moreover, on review the court must view the evidence in the light most favorable to the verdict. *Knutson v. Nielsen,* 256 Minn. 506, 508, 99 N.W.2d 215, 217 (1959).

In *Regan v. Stromberg,* 285 N.W.2d 97 (Minn.1979), the Minnesota Supreme court said that four elements are necessary for a cause to be superseding:

(1) [i]ts harmful effects must have occurred after the original negligence;

(2) it must not have been brought about by the original negligence;

(3) it must actively work to bring about a result which would not otherwise have followed from the original negligence; and

(4) it must not have been reasonably foreseeable by the original wrongdoer.

*See id.* at 100 (citing *Kroeger v. Lee,* 270 Minn. 75, 78, 132 N.W.2d 727, 729–30 (1965)).

Wersinger claims the "original negligence" was his failure to place taillights on the fish house. He argues that the negligence occurred at Lake Emily and did not continue. After Wersinger's "original negligence," Aust made an independent decision to act as Wersinger's taillights and then drove negligently. Thus, Wersinger argues, the harmful effects occurred after his "original negligence."

We disagree. Wersinger's negligence consisted of continuing to drive without proper vehicle illumination, *see* Minn.Stat. §§ 169.48 and 169.50 (1982), at an inappropriately fast rate of speed, *see* Minn.Stat. § 169.14, subd. 3 (1982), through six to eight inches of snow. This negligence continued without interruption until the accident occurred. Aust's negligence and the accident occurred after Wersinger's negligence began but while it was continuing. Thus, the first element necessary to establish superseding cause is clearly lacking.

■ The second element is also lacking. A cause will be considered to have been brought about by the original negligence if the former was "a normal response to the stimulus of a situation created by" the original negligence. *Carlson v. Fredsall,* 228 Minn. 461, 467, 37 N.W.2d 744, 748 (1949). Thus, a negligent automobile driver

> may be held liable for an accident occurring through the negligent operation of his machine, although the immediate cause of the accident was the negligent act of a third party in the operation of his car, i.e., *where a chain of events has been started, due to the negligence of the driver of an automobile, he may be held liable for all mishaps which are properly the proximate result of his unlawful conduct.*

*Eichten v. Central Minnesota Cooperative Power Association,* 224 Minn. 180, 190, 28 N.W.2d 862, 869 (1947) (quoting *Holmberg v. Villaume,* 158 Minn. 442, 445, 197 N.W. 849, 850 (1924) (emphasis added)).

Aust's decision to follow Wersinger to prevent a rear-end collision was a normal response to Wersinger's failure to provide taillights. Thereafter, Wersinger's inappropriately fast driving through several inches of snow combined with the lack of taillights to cause hazardous conditions for anyone driving behind him. The accident that followed was merely the final link in the chain of events started by Wersinger's negligence.

Wersinger may substantially satisfy the third element; however, he clearly fails the fourth. Wersinger knew Aust was behind him and knew or should have known that he was creating hazardous conditions which could result in Aust having an accident. The tendency of snow to accumulate on roads lined by windbreaks is so well known in Minnesota that it cannot be ignored. The swirl of snow created by driving through several inches of snow at speeds of 30–40 miles per hour is also a well known hazard. In addition, Wersinger knew of the danger, having traveled over the same road only an hour before the accident under essentially the same conditions.

■ Under these circumstances, it was reasonably foreseeable that Aust might become disoriented and hit Wersinger, or drift off the road into bordering trees, or cross the center line and collide with an oncoming car. Knowledge of the precise nature of the harm that might result from Wersinger's negligence was not necessary. It was sufficient that Wersinger knew or should have known that his actions were creating a hazard which could result in the accident that occurred. Since Wersinger failed to prove at least three of the four elements required to establish a superseding cause defense, the trial court correctly rejected it.

■ The trial court was also correct in submitting this case to the jury on the theory of concurrent cause. "[W]here two or more tort-feasors, by concurrent acts of negligence, which, although disconnected, yet, in combination, inflict injury, all are liable." *Marcy v. Bjorklund*, 291 Minn. 17, 21, 189 N.W.2d 195, 197 (1971) (quoting *Reader v. Ottis*, 147 Minn. 335, 339, 180 N.W. 117, 118 (1920)). This case is factually similar to *Marcy*, in which the driver of one vehicle, Paulsen, accelerated from a stop sign, throwing gravel against the windshield of defendant Bjorklund's vehicle. Bjorklund gave chase, and as the two vehicles proceeded down a gravel road, Bjorklund's visibility was obscured by the dust from Paulsen's car. A collision occurred between Bjorklund and Marcy, whose car was approaching from the opposite direction. On appeal the court held that the negligence of both drivers concurred to cause the accident. *Id.* 291 Minn. at 19–20, 189 N.W.2d at 196. Similarly, in this case the jury could well have found that Wersinger's negligence prompted Aust to follow him and his continuing negligence concurred with Aust's to cause the accident.

■ Wersinger argues he was at least entitled to a jury instruction concerning superseding cause. The issue of superseding cause should be submitted to the jury only if there might be a reasonable difference of opinion regarding the foreseeability of the intervening act. *See Regan v. Stromberg*, 285 N.W.2d at 100; *Strobel v. Chicago, Rock Island & Pacific R.R. Co.*, 255 Minn. 201, 208, 96 N.W.2d 195, 201 (1959). The trial court concluded that reasonable minds could not differ as to the foreseeability of the intervening act in this case. We agree and find no error.

## II

■ Wersinger argues that the trial court erred in refusing to instruct the jury on unavoidable accident. "[T]he concept [of unavoidable accident] has a very·restricted application, and * * * it should be limited to cases where there is some evidence of causation by an act of God or actions chargeable to an unknown agency." *Bastianson v. Forschen*, 293 Minn. 31, 40, 196 N.W.2d 451, 457 (1972).

■ Wersinger argues that the swirling snow produced by his vehicle when he entered the sheltered area was a condition of wind and snow attributable to God or nature. The trial court properly rejected Wersinger's argument. Since both Wersinger and Aust were aware of the road conditions, they could have taken appropriate avoidance measures.

## III

■ Wersinger argues that the trial court erred· by instructing the jury on certain vehicle lighting and speed statutes, *see* Minn.Stat. §§ 169.48, 169.50, subds. 1, 3, and 169.14, subd. 3 (1982), because there was no evidence that his violation of them was a direct cause of the accident. The jury could properly have found, however, that Wersinger's failure to comply with these statutes became a concurrent cause of the accident. The trial court did not err by instructing the jury on these statutes.

## IV

■ Wersinger argues that he is entitled to a new trial or at least a corrective instruction because the Maanums' counsel was guilty of misconduct in his closing argument. Whether remarks made in final argument require a cautionary instruction or justify a new trial for misconduct of counsel rests largely in the trial court's discretion, and the appellate court should not reverse its determination unless the conduct is so prejudicial that it would be a miscarriage of justice to permit the result to stand. *See, e.g., Stroncek v. Berkshire Life Insurance Co.*, 292 Minn. 57, 65, 193 N.W.2d 286, 291 (1971).

■ The Maanums originally alleged that both Wersinger and Aust were liable on a theory of joint enterprise. The trial court granted Wersinger's summary judgment motion, determining as a matter of law that joint enterprise did not exist.

Wersinger claims, despite this ruling, that the Maanums' attorney improperly argued joint enterprise to the jury.

The Maanums' attorney argued in relevant part:

The Court is * * * going to instruct you * * * that when the effects of negligent conduct of two persons work at substantially the same time to cause the harm, each may be a direct cause. And I suggest to you ladies and gentlemen, that that's the kind of a situation that we have here, that there were two negligent drivers and that their negligence each was a direct cause of the accident.

This argument clearly describes concurrent cause, not joint enterprise. Thus, the trial court properly found no misconduct.

## V

The jury awarded Roger and Merilyn Maanum substantial special and general damages. Pursuant to Wersinger's motion, the trial court ordered a new trial unless the Maanums agreed to a reduction in the amount of special damages. The Maanums consented. Wersinger argues that general damages were excessive and should have been reduced as well. By notice of review the Maanums claim the trial court erred in ordering a remittitur of the special damages.

Primary responsibility for the reduction of excessive damages lies with the trial court, and its ruling will be disturbed only when a clear abuse of discretion is demonstrated. *See, e.g., Bigham v. J.C. Penney Co.,* 268 N.W.2d 892, 898 (Minn.1978); *Moteberg v. Johnson,* 297 Minn. 28, 34, 210 N.W.2d 27, 31 (1973). Special damages were reduced to those proved and argued minus those previously paid as PIP benefits. The general damages award was justified by the Maanums' extensive injuries. We find no error by the trial court.

### DECISION

Affirmed.