Carolyn HARPSTER, Respondent,

v.

Thomas HETHERINGTON, et al.,
Petitioners, Appellants.

No. C9–93–787.

Supreme Court of Minnesota.

March 4, 1994.

Bradley C. Warner, Jack D. Moore & Associates, St. Paul, for appellant.

Rodney J. Mason and Gerald P. Barnaby, Chandler & Mason, Ltd., St. Paul, for respondent.

PER CURIAM.

In this slip-and-fall case, the conduct of defendants claimed and found to be negligent was not, as a matter of law, a direct cause of plaintiff's injuries. We reverse the court of appeals' affirmance of the jury's verdict.

Mrs. Harpster (the plaintiff) and Mr. and Mrs. Hetherington (the defendants) are good friends and next-door neighbors. About midday on December 17, 1988, Mrs. Harpster walked over to the Hetherington house—the two neighbors had keys to each other's homes—to attend to the Hetherington dog. Mrs. Harpster went in through the garage and let the dog out into the fenced-in backyard while she prepared a meal for the dog. When she went to call the dog back in the house, she discovered it was not in the backyard, having escaped through a broken gate in the fence.

Mrs. Harpster then went through the house to the front door, intending to call the dog from there. As she stepped out on the front stoop, she slipped and fell, fracturing her right arm. Because of a change in temperature, the surface of the front stoop had become icy that morning.

Plaintiff Harpster sued defendants Hetherington, claiming the defendants were negligent in their maintenance of the gate to the backyard fence and that this negligence caused her to fall off the front stoop. The trial court allowed the case to go to the jury on this theory, and the jury found defendants 60 percent at fault in causing the accident and plaintiff 40 percent. It is important to note that plaintiff does not claim defendants were negligent in having a slippery front door entrance, apparently conceding that the icy condition of the stoop had developed during the day while defendants were absent at work.

Defendants' motion for judgment notwithstanding the verdict or a new trial was denied. The court of appeals, 2-to-1, affirmed in an unpublished decision. We granted further review. *See* Minn.R.Civ.App.P. 117, subd. 2(c).

Mr. Hetherington, when called for cross-examination, stated that the gate had been broken for 4 to 6 weeks, that he had not gotten around to fixing it, and that the dog had escaped at least twice before. Then:

Q. If [the gate] had been in good repair, the incident on the porch of your house would not have occurred?

A. There would have been no reason for it to.

■ Obviously plaintiff's theory of recovery relies on a "but for" causation test. This test has long been discredited in this state and was most recently rejected in *Kryzer v. Champlin American Legion No. 600*, 494 N.W.2d 35 (Minn.1992), a case neither party cites. In *Kryzer*, the plaintiff husband brought a dramshop action, arguing that but for his wife's intoxication she would not have been ejected from the bar, and but for her ejection she would not have been injured. We pointed out that the wife's intoxication was merely the occasion for her ejection, not the cause of her injury. *Id.* at 37.

■ Here, in like fashion, plaintiff argues that but for the broken gate the dog would not have escaped, and but for the dog's escape she would not have gone out on the front stoop and fallen. This is much like arguing that if one had not got up in the morning, the accident would not have happened. The fact that the dog escaped through the broken gate was simply the occasion for plaintiff to go out on the icy front stoop, not a cause of her fall.

■ The problem with the "but for" test, as this case illustrates, is that with a little ingenuity it converts events both near and far, which merely set the stage for an accident, into a convoluted series of "causes" of the accident. This can lead, as it did in this case, to a spirited but irrelevant argument over whether plaintiff's failure to check the front stoop was a superseding, intervening cause. Not only does the "but for" test obfuscate the legal doctrine of causation, but it distorts the basic tort concept of duty. Thus in our case here, as the dissenting judge on the court of appeals panel noted, it can also be said that, as plaintiff stepped out the front entrance of the house, the defendants owed no duty to plaintiff at that time to repair the backyard gate.

Reversed with judgment to be entered for defendants.