Kathleen J. BRYAN, Appellant,

v.

Deonarine KISSOON, et al., Respondents.

No. A08–1482.

Court of Appeals of Minnesota.

June 30, 2009.

**492**

Fred R. Jacobberger, Jacobberger, Micallef & Associates, LLC, Bloomington, MN, for appellant.

Louise A. Behrendt, Kenneth W. Dodge, Stich, Angell, Kreidler & Dodge, P.A., Minneapolis, MN, for respondents.

Considered and decided by CONNOLLY, Presiding Judge; JOHNSON, Judge; and WILLIS, Judge.*

## OPINION

CONNOLLY, Judge.

Appellant, a home buyer, brought a misrepresentation claim against respondents, alleging that respondents' failure to disclose that their home had suffered a fire caused her to incur damages unrelated to the fire. At the start of trial, respondents brought a motion in limine to exclude appellant's evidence of damages. This motion was granted by the district court after it concluded that "[appellant] has failed to show that the damages complained of are the natural and proximate result of [respondents'] alleged misrepresentation." Respondents then moved for judgment as a matter of law, arguing that appellant had failed to establish damages, a necessary element of her claim. The motion was also granted. We affirm.

## FACTS

On April 1, 2004, appellant Kathleen Bryan purchased a home on 7643 South Bay Drive in Bloomington from respondents Deonarine and Kathleen Kissoon. When searching for a house, appellant was keen on avoiding any buildings with mold because her family had experienced mold-related health problems at a prior home. Appellant specifically told her realtor that

---

\* Retired judge of the Minnesota Court of Appeals, serving by appointment pursuant to     Minn. Const. art. VI, § 10.

she wanted to make sure that her new home did not have any issues with mold. Appellant went so far as to withdraw an offer on a home when that home's owners refused to allow a water-intrusion inspection.

Before appellant purchased the home at issue in this case, respondents completed a seller's disclosure statement. This statement contained several indications that the home may have suffered water damage in the past. When asked if there had "been any damage by wind, fire, flood, hail, or other cause(s)," respondents replied, "[L]ightning (twice) and hail-installed lightning rods and surge protection during 2002." The statement also asked whether there had "been any damage to flooring or floor covering." Respondents answered, "[C]arpet replaced because of storm damage during 2002." Finally, the statement asked whether there had "been any repairs or replacements made to the roof?" To this, respondents replied, "Replaced during 2002 due to storm damage. Completely remodeled top 2 floors."

Appellant signed a purchase agreement for the home on March 16, 2004. It stated:

> Buyer acknowledges that no oral representations have been made regarding possible problems of water in basement or damage caused by water or ice build-up on roof of the property, and buyer relies solely in that regard on the following statement by seller:

> Seller has had a wet basement and has had roof, wall, or ceiling damage caused by water or ice buildup. Buyer has received a seller's property disclosure statement[.]

An addendum to the purchase agreement stated that it was "contingent upon an inspection(s) of the property to determine the condition and performance relative to the intended function of the following checked items." A check was then placed next to "[c]omplete home inspection." While a home inspection was performed by the Kirwin Group, appellant opted not to have a water-intrusion inspection. The Kirwin report shows that the home inspector examined the home's interior and exterior. Nothing in the report indicates that water was intruding into the home. The home was ultimately purchased by appellant for $725,000.

Sometime after purchasing the home, appellant learned from a conversation with neighbors that it had suffered fire damage. The damage was caused after a lightning strike started a fire on the home's roof. The fire department was called to extinguish the fire, which was limited to the area of the roof hit by lightning. When extinguishing the fire, the fire department funneled water from the house through a chute that ran down a set of stairs and out the front door. Respondents claim that appellant was informed about the fire; appellant denies this claim. Following the home's purchase, appellant engaged a water-intrusion inspector and discovered that the house suffered from significant water-intrusion damage caused by structural defects unrelated to the fire.[1] Appellant contends that she had to spend $400,000 to remedy these damages.

Appellant initiated the present suit, alleging that (1) respondents had a duty to disclose the fire incident, and (2) respondents' failure to disclose the fire incident was negligent under the circumstances. Appellant does not contend that the

---

1. Apparently, a toilet overflow incident caused appellant to have the water-intrusion inspection performed.

home's water-intrusion damage resulted from the fire or that a competent pre-purchase home inspection would have discovered the water intrusion. Nonetheless, she claims that "[a]s a direct and proximate result of [respondents'] nondisclosure of the fire incident, [appellant] has incurred damages in remediating and reconstructing the home so as to correct the construction defects and to repair the damages caused thereby." Regarding causation, appellant argues that "had she known of the fire, she would have insisted on a specific water-intrusion inspection of the type she later had performed on the house in 2006." Appellant alleges that had such an inspection taken place, she "would have had the opportunity to decline to purchase the home, or to negotiate the pre-purchase correction by defendants of the defects and damage caused thereby."

In the district court, respondents moved for summary judgment, arguing that appellant's claims of misrepresentation must fail because (1) there is no evidence that "[respondents] provided false or misleading information about the condition of the home," and (2) there is no evidence of "reasonable, justifiable reliance." The district court denied respondents' motion. It explained that the reasonableness of a party's reliance is a question for the jury. Additionally, the court determined that the credibility of appellant's claim that she would have insisted on a water-intrusion inspection had she been told of the fire was a jury issue.

At the start of trial, respondents brought a motion in limine to exclude appellant's evidence of damages. The district court granted this motion, holding that "because [appellant] has failed to show that the damages complained of are the natural and proximate result of [respondents'] alleged misrepresentation, the evidence of damages that [appellant] prof-

fers is irrelevant to the case at hand." Respondents then moved for judgment as a matter of law. The motion was granted. Thus, because the evidence of damages was irrelevant, the district court excluded it under Minnesota Rule of Evidence 402. To the extent that the evidence was relevant, the district court excluded it under rule 403 on the grounds that its probative value was substantially outweighed by "unfair prejudice, confusion of the issues, and misleading the jury." It explained:

> In this case, there is no *natur[al] and proximate* causal connection between the alleged misrepresentation or omission complained of and the damages alleged. At best, there is but-for causation: but for the misrepresentation, [appellant] would not have purchased the home and would not be suffering the damages. [Appellant] has offered no evidence that there is any difference between the value of what she parted with (the purchase price of the house—presumably reasonable to purchase a house free of fire damage) and what she received (a house free of fire damage).

The district court concluded by stating that appellant had failed to establish that there was any difference between the value of what she parted with and the value of what she received because she failed to present evidence that the home's purchase price was the reasonable purchase price of a home without water-intrusion damage.

▮ The district court reached this holding after applying the out-of-pocket rule for damages.

> The out-of-pocket rule allows damages to be recovered which are the natural and proximate loss sustained by a party because of reliance on misrepresentation. Under this rule it is not a question of what the plaintiff might have gained

through the transaction but what was lost by reason of defendant's deception. *Lewis v. Citizens Agency of Madelia, Inc.*, 306 Minn. 194, 200, 235 N.W.2d 831, 835 (1975). "The loss is usually measured as the difference between what plaintiff parted with and what he received." *Id.*

Appellant argues that the district court erred when it granted respondents' motion for judgment as a matter of law because her evidence of damages should have been admitted at trial. Respondents argue that the district court should not have denied their motion for summary judgment because there are no material facts in dispute.

## ISSUE

**Did the district court err in concluding that there was no proximate causation between respondents' alleged failure to disclose that their home had suffered a fire and the loss incurred by appellant in ameliorating water-intrusion damages unrelated to the fire?**

## ANALYSIS

■ A motion for judgment as a matter of law should be granted only where "(1) in the light of the evidence as a whole, it would clearly be the duty of the trial court to set aside a contrary verdict as being manifestly against the entire evidence, or where (2) it would be contrary to the law applicable to the case." *Jerry's Enters., Inc. v. Larkin, Hoffman, Daly & Lindgren, Ltd.*, 711 N.W.2d 811, 816 (Minn.2006) (quotation omitted). In this case, the district court's order granting respondents' motion for judgment as a matter of law is based on appellant's inability to prove damages, an essential element of her claims against respondents. This inability is based on the district court's decision to exclude appellant's evidence of damages, and a district court's decision to exclude evidence of damages,

absent an erroneous interpretation of law, is reviewed under an abuse of discretion standard. *Kroning v. State Farm Auto. Ins. Co.*, 567 N.W.2d 42, 45–46 (Minn. 1997).

■ Here, the district court excluded appellant's evidence of damages because the alleged misrepresentation did not proximately cause the alleged damages. "Generally, proximate cause is a question of fact for the jury; however, where reasonable minds can arrive at only one conclusion, proximate cause is a question of law." *Lubbers v. Anderson*, 539 N.W.2d 398, 402 (Minn.1995). Thus, because the district courts order granting respondents motion for judgment as a matter of law is based on its decision that proximate cause was lacking as a matter of law, our standard of review is de novo. *Bondy v. Allen*, 635 N.W.2d 244, 249 (Minn.App.2001) ("An appellate court is not bound by, and need not give deference to, the district court's decision on a question of law.") (citing *Frost–Benco Elec. Ass'n v. Minn. Pub. Utils. Comm'n*, 358 N.W.2d 639, 642 (Minn.1984)).

Essentially, appellant argued that had she been told about the fire, she would have insisted upon a water-intrusion inspection. And had this inspection been performed, it would have revealed the home's structural defects. And had she been aware of these defects, then she would not have gone through with her purchase of the home. And had she not gone through with her purchase of the home, then she would not have incurred the costs associated with repairing the home's structural defects. The district court rejected this causal chain, finding that appellant had failed to show that the damages she complained of—the costs of repairing the home—were the natural and proximate result of respondents' alleged

misrepresentation—the failure to disclose the fire. We agree.

■■■ To prevail on a claim of false representation in the sale of real property, a claimant must show false representation and resulting damages. *Marion v. Miller,* 237 Minn. 306, 309, 55 N.W.2d 52, 55 (1952). In an action for misrepresentation, it is also necessary to prove proximate causation between the alleged misrepresentation and the damages sought. In jurisdictions like Minnesota that follow the "out-of-pocket" rule, if the property is worth what a party paid for it, then that party has suffered no damages. *Berg v. Xerxes–Southdale Office Bldg. Co.,* 290 N.W.2d 612, 615 (Minn.1980). But repair costs alone are not sufficient to show damages for fraudulent misrepresentation in a real-estate transaction. *See Lobe Enters. v. Dotsen,* 360 N.W.2d 371, 373 (Minn.App. 1985) (rejecting a party's attempt to calculate out-of-pocket loss by subtracting the cost of replacing a defective roof from the purchase price of a structure).[2]

In this case, the alleged failure by respondents to disclose the fire caused by the lightning strike was not the proximate cause of appellant's alleged damages, which in this case is the cost of repairing the home's pre-existing structural damage. Neither party alleges that the fire and the water used to put out the fire caused the home's structural damage. Appellant does not allege that respondents withheld knowledge of the home's structural defects or that respondents were even aware of the structural defects.

This critical causal link was correctly recognized by the district court below, which properly applied longstanding Minnesota law that requires that damages

for misrepresentation have a natural and proximate relationship to the claimed misrepresentation. The district court correctly recognized that appellant had no evidence that there was any difference between the value of what she bargained for—the purchase price of a house free of fire damage—and what she received—a house free of fire damage but which had significant damage from moisture due to defects in its original construction. The district court therefore appropriately framed and addressed the salient question as whether appellant's "cost of repair" damages, which were necessitated by defects in original construction, bore a causal relationship to respondents' alleged misrepresentation about the lightning-strike fire. On these facts, the district court did not err by concluding that there was no causal relationship between respondents' failure to disclose that there was a fire at the subject home and the damages appellant claims to have incurred as the result of having to rectify original-construction defects. As the district court properly recognized, appellant's critical causal link was supported by nothing more than "but for" causation.

The "but-for" test of causation has long been discredited in this state and was specifically rejected by the Minnesota Supreme Court in *Harpster v. Hetherington,* 512 N.W.2d 585, 586 (Minn.1994); *see also Kryzer v. Champlin American Legion No. 600,* 494 N.W.2d 35 (Minn.1992). As the court stated in *Harpster,* the problem with a "but-for" argument is that "it converts events both near and far, which merely set the stage for an accident, into a convoluted series of 'causes' of the accident." 512 N.W.2d at 586 (finding that defendant's

---

**2.** Appellant argues the district court wrongly decided the present case because *Lobe,* the case on which the district court based much of its reasoning, is distinguishable in that it involved a commercial rather than residential structure. We reject this argument because the court in *Lobe* did not limit its holding to buildings that are commercial in nature.

failure to repair a backyard gate was not the proximate cause of plaintiff's fall, which occurred after plaintiff fell on a front stoop in an effort to capture a dog that escaped through the gate). As the court in *Harpster* noted, a "but-for" approach to causation "is much like arguing that if one had not got up in the morning, the accident would not have happened." *Id.; see also Danielson v. City of Brooklyn Park,* 516 N.W.2d 203, 207 (Minn.App. 1994) (finding that city's demand that plaintiff cut down tree was not the proximate cause of plaintiff's fall off ladder placed on car in tree-trimming effort), *review denied* (Minn. July 27, 1994).

Because the district court properly granted respondents' motion for judgment as a matter of law, we decline to address respondents' claim that the district court incorrectly denied their request for summary judgment.

## DECISION

We hold that in an action for misrepresentation relating to the purchase of a home, it is necessary to prove that the alleged misrepresentation proximately caused the claimed damages. Because appellant failed to prove that causal link in this case, the district court did not err either by granting the motion in limine or by granting judgment as a matter of law to respondents.

**Affirmed.**