Angelique Marie CURTIS, Respondent,

v.

Timothy William KLAUSLER,
et al., Appellants.

No. A11–187.

Court of Appeals of Minnesota.

Aug. 1, 2011.

---

Scott R. Suter, Suter Law Office, Burnsville, MN, for respondent.

John E. Hennen, League of Minnesota Cities, St. Paul, MN, for appellants.

Considered and decided by STONEBURNER, Presiding Judge; JOHNSON, Chief Judge; and STAUBER, Judge.

## OPINION

STAUBER, Judge.

This is an appeal from the district court's interlocutory order denying appellants' motion for summary judgment based on wild-animal immunity. Respondent was injured when a city van struck her vehicle after a deer crashed into the city-employee's driver's side door and window. Appellants contend that they are entitled to statutory immunity under Minn.Stat. §§ 3.736, subd. 3(e), 466.03, subd. 15 (2010). We agree and reverse.

## FACTS

This case arises from a motor vehicle accident that occurred in Burnsville. Respondent Angelique Curtis was driving on Highway 5 when her vehicle was struck by a city van driven by appellant Timothy Klausler. The van was owned by Klausler's employer, appellant City of Lakeville, and Klausler was acting within the course and scope of his employment at the time of the accident.

The accident occurred at approximately 4:40 p.m. All parties testified that traffic was light, weather was relatively clear, and visibility was fine. The section of Highway 5 where the accident took place comprises two northbound and two southbound lanes, with a yellow-striped median/turn lane separating traffic. Klausler was travelling southbound in the left lane and was driving at or below the posted speed limit of 45 miles per hour. Another city employee was a passenger in the vehicle.

While Klausler was travelling down the highway, a deer ran out from the woods and collided with Klausler's van on the driver's side door and window. The deer came from an area to Klausler's left, on the east side of the highway, and travelled across the northbound lanes before striking Klausler's van. The impact shattered the driver's side window and knocked Klausler unconscious. His van then crossed the center median lane, drove into the oncoming northbound lanes, and collided with respondent's vehicle.

Klausler did not see the deer prior to impact. He does not remember anything from the time just prior to the deer hitting the van until he woke up in an ambulance. Klausler's passenger also did not see the deer. He felt the impact when the deer struck the van, noticed Klausler go silent, and then observed their van drift into oncoming traffic and collide with respondent's vehicle. The passenger estimated that it was a matter of seconds from the time the deer struck the van until the van struck respondent's vehicle.

Respondent was travelling northbound when she saw the deer appear in front of her from the east side of the highway. She saw the deer come from a grassy area and run across both northbound lanes. Respondent slowed down to avoid hitting the deer, which she estimated was several car lengths in front of her. Respondent then saw Klausler's van coming towards her; she swerved to avoid the impact but was unsuccessful. She testified that she did not notice the deer strike Klausler's van.

Respondent commenced this action against Klausler and the city (appellants), alleging that Klausler acted negligently in operating his motor vehicle. Appellants moved for summary judgment, arguing that respondent's claims were barred by the "wild animal immunity statute," Minn. Stat. §§ 3.736, subd. 3(e), 466.03, subd. 15, and further that respondent failed to make a prima facie showing of negligence. The district court received depositions of Klausler, the passenger, and respondent; photographs of the highway and the accident scene; and respondent's accident reconstruction report. The district court

denied appellants' summary judgment motion, finding that statutory immunity does not apply and that genuine issues of material fact exist as to causation. This appeal followed.

## ISSUE

Are appellants entitled to statutory immunity under Minn.Stat. § 3.736, subd. 3(e)?

## ANALYSIS

 "Although denial of a motion for summary judgment is not ordinarily appealable, an exception to this rule arises when the order denies summary judgment based on statutory or official immunity." *Gleason v. Metro. Council Transit Operations,* 582 N.W.2d 216, 218 (Minn.1998). This is because immunity from suit is effectively lost if a case is erroneously permitted to go to trial. *Anderson v. City of Hopkins,* 393 N.W.2d 363, 364 (Minn.1986). When reviewing an order denying summary judgment, an appellate court must decide whether there are genuine issues of material fact and whether the district court erred in its application of the law. *Gleason,* 582 N.W.2d at 218. Whether immunity applies is a legal question subject to de novo review. *Johnson v. State,* 553 N.W.2d 40, 45 (Minn.1996).

 Likewise, statutory construction is a legal issue which we review de novo. *Lee v. Fresenius Med. Care, Inc.,* 741 N.W.2d 117, 122 (Minn.2007). When construing statutes, our aim is "to ascertain and effectuate the intention of the legislature." Minn.Stat. § 645.16 (2010). But if a statute's meaning is unambiguous, we interpret the statute according to its plain language. *Brua v. Minn. Joint Underwriting Ass'n,* 778 N.W.2d 294, 300 (Minn. 2010).

 The Minnesota Tort Claims Act provides that the state and its employees are not liable for "a loss caused by wild animals in their natural state." Minn.Stat. § 3.736, subd. 3(e). Section 466.03 extends this immunity to municipalities. Minn. Stat. § 466.03, subd. 15. The district court did not explain its reasoning for declining to apply statutory immunity, stating only that it "does not believe ... under these facts and circumstances the Wild Animal Immunity Statute applies." Appellants contend that the statute entitles them to immunity because a wild animal in its natural state caused the accident that resulted in respondent's injuries. We agree.

 Under Minnesota law, a "direct" or "proximate cause" is a cause that had a substantial part in bringing about an accident, harm, or injury. 4 *Minnesota Practice,* CIVJIG 27.10 (2006). Minnesota law uses the terms "direct cause," "proximate cause," and "substantial factor" interchangeably. *Id.* authorities; *see also Lestico v. Kuehner,* 204 Minn. 125, 133, 283 N.W. 122, 127 (1938) (equating "proximate cause" with "substantial factor" in assessing negligence where plaintiff was injured in car accident). This is distinguishable from those causes that are merely a "cause in fact" or "but for cause" of injury, which do not have legal significance. *Kryzer v. Champlin Am. Legion No. 600,* 494 N.W.2d 35, 37 (Minn.1992). The supreme court has rejected the but-for causation test because "it converts events both near and far, which merely set the stage for an accident, into a convoluted series of 'causes' of the accident." *Harpster v. Hetherington,* 512 N.W.2d 585, 586 (Minn. 1994). Although proximate cause is generally a fact question for the jury, it becomes a question of law and may be disposed of by summary judgment "where reasonable minds can arrive at only one conclusion."

*Lubbers v. Anderson,* 539 N.W.2d 398, 402 (Minn.1995).

 We interpret the legislature's use of the word "caused" in the statute to refer to direct and proximate causation. Therefore, for a governmental entity to be entitled to statutory immunity under Minn. Stat. § 3.736, subd. 3(e), a wild animal in its natural state must be a direct and proximate cause of the harm or injury.

Here, the record indicates that a wild deer ran out from the side of the highway and collided with Klausler's vehicle, knocking him unconscious and causing his vehicle to veer into oncoming traffic and hit respondent's vehicle. These undisputed facts establish that the deer had a substantial part in bringing about the collision between Klausler's and respondent's vehicles. Under the plain language of the statute, we conclude the city is entitled to immunity.

 Respondent argues that immunity does not apply because there is a genuine issue of fact with respect to whether Klausler acted negligently before the deer struck his van. She contends that Klausler contributed to the harm by failing to see the deer, and that liability may be established on this basis. We disagree. In some cases, there may be more than one direct cause of an accident. *See* 4 *Minnesota Practice,* CIVJIG 27.15 (2006). Concurring causes are direct or proximate causes that act contemporaneously or so nearly together that the chain of causation is not broken, and together cause the injury that would not have resulted in the absence of either one. *Haugen v. Dick Thayer Motor Co.,* 253 Minn. 199, 206, 91 N.W.2d 585, 590 (1958). But, "[b]efore a particular factor can be said to be a concurrent cause, it must, first of all, be established that it is a cause." *Roemer v. Martin,* 440 N.W.2d 122, 123 (Minn.1989).

Even accepting that Klausler acted negligently, we conclude that immunity still applies. The language of the statute is plain. It confers immunity for "a loss caused by wild animals in their natural state." Minn.Stat. § 3.736, subd. 3(e). Given respondent's theory of the case, the deer was a concurring cause of the accident, which means that it was direct and proximate cause of respondent's injuries. The statute is satisfied even if Klausler's alleged negligence was also a concurring cause. Accordingly, we conclude that immunity must apply.

### DECISION

Under the plain language of the statute, a wild animal in its natural state was the direct and proximate cause of respondent's injuries. Therefore, appellants are entitled to immunity under Minn.Stat. § 3.736, subd. 3(e).

**Reversed.**